CASE II—CONTESTED ELECTION PROCEEDING BY H. T. CRAWFORD AGAINST E. C. DUFF FOR THE OFFICE OF COUNTY JUDGE.—December 12.

# Duff v. Crawford

Appeal from Perry Circuit Court.

M. J. Moss, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

1. Elections—Ballots—Certificate of Officers.—Ballots inclosed in sealed envelopes, marked "rejected," and returned by election officers, should not be counted, in the absence of a compliance with Ky. Stats., 1903; Sec. 1482, requiring a certificate or statement signed by the election officers as to whether they had or had not been counted, and, if counted, what part, and for whom.
2. Same—Illegal Votes—Purging Ballot.—The entire vote of a precinct wherein it was claimed illegal voting by illiterates took place should not be rejected, where the complaining candidate did not undertake to purge the ballot of these votes by showing for whom they voted, either by the election officers who saw the persons voting or by the illegal voters themselves, who could be compelled to testify for whom they voted.
3. Same—Registration of Voters—Votes of Persons Not Registered.—The casting and counting of a number of votes greater than the number of registered voters in a precinct embracing territory not within the limits of a town or city was not illegal, since the registration law applies only to voters residing in a city or town.

BAILEY P. MORTON, T. H. HOWARD, WOOTTON & MORGAN, GREENE & VANWINKLE, J. J. C. BACH AND W. C. EVERSOLE for Appellant.

Duff v. Crawford.

## QUESTIONS PRESENTED.

1.. Were the votes returned, sealed in the envelope by the election officers of Leatherwood, Troublesome and Mason's Creek Prcincts, accompanied "with a true statement as to whether they had or had not been counted, and if counted what part and for whom," as required by section 1482; and if not, had the Court below the right to open and count such ballots?

2. Were there such irregularities indulged in, and permitted, by the officers of the election at Carrs Fork and Forked Mouth, as to render the election at those precincts void, and as would justify the Court in casting out and totally disregarding the vote at those places?

## AUTHORITIES CITED.

As to questioned ballots: Kentucky Statutes, 1482, 1486, 1488, 1502; 70 S. W., 852; 100 Ky., 319; 47 S. W., 867. As to using ballots as evidence: Kentucky Statutes, Sec. 1585, subsection, 13; 82 S. W., 1013; 70 S. W., 852; 81 S. W., 682; 68 S. W., 867. As to casting out precincts: 70 S. W., 638; 48 S. W., 149; 50 S. W., 538; 35 S. W., 543; 68 S. W., 1076. Acts of General Assembly 1904, amending Sec. 1486 and 1488 Ky. Stats.

E. E. HOGG, JOHN C. EVERSOLE, F. J. EVERSOLE, J. J. FITZPATRICK, for Appellee.

## POINTS AND CITATIONS.

1. The formal certificate prescribed by Section 1482, Ky. Stat., is virtually complied with in the spirit and meaning of the law when words are used leaving no doubt as to what the officers of the election did with the ballots.

2. Under the evidence in this case as to the preservation of the ballots and the security of the ballot boxes, the trial court should have re-counted and re-canvassed at the instance of the appellee, the entire vote of the Leatherwood precinct, Bowling precinct, and Lost Creek precinct.

3. The voters should not be disfranchised or their votes not counted when they have voted legally because of some technical neglect of the election officers to do their prescribed duty.

## CITATIONS.

Edwards v. Long, 24 L. R., 1106; Bailey v. Hurst, 24 K. L. R.,

Duff v. Crawford.

504; Struss v. Johnson, 100 Ky., 319; McCreary on Elections, page 172-5, section 228; McCreary on Elections, sections 160-161-, P. 125; Naper v. Cornett, 24 K. L. R., P., 576; Wilkes v. Duffy, 24 K. L. R., P. 913; Hurst v. Skidmore, 24 K. L. R., P. 526; Holland v. Center, 19 K. L. R., 1124.

The case of Struss v. Johnson, 100 Ky., discussed and distinguished so also the case of Edwards v. Logan, 24 R.

WILLIAM CROMWELL for Appellee.

POINTS AND AUTHORITIES CITED.

1. Proper method of marking ballots of illiterates. Kentucky Statutes, Section 1475.

2. Ballot marked by an election officer in a booth is an illegal vote. Kentucky Statutes, section 1474. Major v. Barker, 18 K. L. R., 106; Patrick v. Runyon, 20 K. L. R., 1914.

3. Law requiring unvoted ballots to be burned before opening ballot box is mandatory. Kentucky Statutes, Edition 1903, section 1482a; Kentucky Statutes, Edition 1899, section 1482.

OPINION OF THE COURT BY JOHN D. CARROLL, COM-MISSIONER—Affirming.

The parties to this litigation were contending candidates for the office of county judge of Perry county at the regular election in 1905. On the face of the returns appellant, who was contestee, received 735 votes and appellee, who was contestant, received 727 votes, being a majority of 8 votes in favor of appellant, and he was given the certificate of election by the board of election commissioners. The appellee contested his election, and upon a trial of the case the circuit court found that appellee received 792 votes and the appellant 763 votes, and adjudged that appellee was elected by a majority of 29 votes.

It is contended for appellant that the court erred in counting for appellee the questioned ballots in Leatherwood, Troublesome, and Mason Creek precincts, and in refusing to throw out Carr's Fork,

Duff v. Crawford.

Forked Mouth, Hazard precinct No. 4, and Hazard precinct No. 10, that gave substantial majorities for appellee, on the ground that gross frauds and irregularities were practiced in these precincts. In Leatherwood, Troublesome and Mason's Creek precincts the election officers returned a number of ballots, inclosed in sealed envelopes and marked "Rejected;" but there was no certificate or statement, signed by the election officers, as to whether they had or had not been counted, and, if counted, what part, and for whom, as required by section 1482 of the Kentucky Statutes of 1903. The circuit court counted these rejected ballots, and found that, in addition to the votes returned by the election officers, appellee was entitled to 2 votes and appellant to 13 votes in Mason's Creek; in Troublesome precinct that appellee was entitled to 5 votes and appellant to 2 votes; and that appellant was entitled to 13 votes in Leatherwood precinct and appellee to 58 votes—counting for appellee 65 votes of the rejected ballots, and for appellant 28. Under the authority of Neely v. Rice, 29 R. 1142, 123 Ky. 806, 97 S. W. 737, in which the opinion was delivered in November, 1906, none of the rejected ballots from these precincts should have been counted for either candidate, because the election officers failed to comply with the requirements of section 1482 of the Kentucky Statutes of 1903 as above set out.

Rejecting these ballots, the result would be the same as that certified by the election commissioners, if no changes were made in other precincts; but the ballot boxes in all the disputed precincts were brought before this court and the ballots recounted, and it appears that in Bowling precinct the election officers certified that appellant had received 110 votes and appellee 72 votes, when the ballots show that appel-

lant received 88 votes and appellee 87—the recount of this precinct making a difference of 37 votes in favor of appellee, as appellant only received 1 majority, when the election returns gave him 38. In Lost Creek precinct the election officers returned that appellant had received 65 votes and appellee 35 votes, making a majority for appellant of 30 votes; whereas the recount of the ballots show that appellant received 57 votes and appellee 35 votes, appellant's majority being 22, in place of 30. In Mason's Creek precinct the election returns gave appellant 88 and appellee 55 votes. A recount of the ballots shows that appellant received 91 votes in this precinct and appellee 54 votes, making a gain for appellant of 4 votes. To recapitulate:

The election returns gave to appellant.... 735 votes
To this should be added in Mason's Creek.. 4 votes

    Making a total of................... 739 votes
  From this must be deducted:
In Bowling precinct............ 37 votes
In Lost Creek precinct ........ 8 votes— 45 votes

    Leaving appellant's total ............ 694 votes
  As appellee on the face of the returns received 727 votes, his majority was 33 votes.

At Forked Mouth and Carr's Fork precincts a large number of illiterates voted in violation of the law, and in these precincts appellee received a substantial majority; but the record fails to show for whom the illiterates voted, and therefore the returns cannot be purged of their votes. The law is well settled that, where illegal votes are cast and counted, the candidate who undertakes to purge the ballots of these votes must show for whom they voted, and this can be done by the evidence of the officers of election

who saw the persons vote, or, if need be, by the evidence of the voters themselves voting openly and illegally, who may be compelled to testify for whom they voted; and, where the party undertaking to purge the ballots fails to adopt this method, the entire vote of the precinct will not be rejected for any irregularity of this character. Napier v. Cornett, 68 S. W. 1076, 24 Ky. Law Rep. 576; Preston v. Price, 85 S. W. 1183, 27 Ky. Law Rep. 588; Browning v. Lovett, 94 S. W. 661, 29 Ky. Law Rep. 692. We do not feel authorized to reject the entire vote of these precincts because of the irregularities practiced, and therefore the vote in these precincts must stand as returned by the election officers.

The record shows that the town of Hazard has two voting precincts, known as "Hazard Precinct No. 4" and "Hazard Precinct No. 10." There were only 23 registered voters in Hazard precinct No. 4, and 70 registered voters in Hazard precinct No. 10, while there was cast and counted in each of these precincts a greater number of votes than those registered; but it appears that these precincts embraced territory not within the town of Hazard, and, as the registration law applies only to voters residing in a city or town, those voters who lived outside the corporate limits of the town had the right to vote without being registered, and this fact accounts for the discrepancy between the registered vote and the vote cast.

Irregularities were practiced in other precincts—in fact, in a majority of them—by both parties; but they are not sufficient to affect the result.

Upon the whole case, we conclude that appellee was fairly elected, and the judgment of the lower court is affirmed.

Petition for rehearing by appellant overruled.