## Thurman v. Alvey.

(Decided September 23, 1921.)

### Appeal from Marion Circuit Court.

1. Elections—Primary Elections—Contest—Notice.—The notice given by the contestant in a primary election pursuant to the provisions of subsection 28 of section 1550 of the Kentucky Statutes, where the ground of contest is the casting of illegal votes, should specify the names of the persons who cast them as well as the facts showing the incompetency of the questioned voters.

2. Elections—Primary Elections—Contest—Notice.—The court upon the trial of such a contest may open the ballot boxes and count the votes of all the precincts called in question upon a naked charge of mistake, oversight or fraud on the part of the officers making the return; and in order to entitle the contestant to the recount it is not imperatively necessary that he should expressly use the words "mistake," "oversight" or "fraud" in stating his grounds of contest, it being necessary only that those charges should be made in language sufficient to clearly imply them.

H. W. RIVES for appellant.

H. S. McELROY for appellant.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and appellee were opposing candidates in the August, 1921, primary election for the Democratic nomination for the office of jailer of Marion county. The officers of the election returned and the board of election commissioners for the county certified that the appellee, Alvey, received in that election 942 votes and that the appellant, Thurman, received 913 votes and the certificate of nomination was issued to the appellee. Two days after the county board canvassed the votes and awarded their certificate of nomination to the appellee, the appellant served notice of contest on him pursuant to the provisions of subsection 28 of section 1550 of the Kentucky Statutes, and two days thereafter and within the time prescribed in that subsection another notice of contest was served on appellee setting up an additional ground to the one stated in the first one and each of them cited the appellee to appear and make defense on the 17th day of August thereafter. The appellee appeared at the appointed place and upon the day stated in the notices and entered motion before the circuit judge

of the district, who heard the cause, to strike from the files the second notice served, upon the grounds (a) that it was in the nature of an amendment to the first notice and that it was incompetent for such an amendment to contain new or additional grounds of contest, and (b) that the additional grounds stated therein were not sufficiently specific and did not meet the requirements of the law in that particular. Those grounds were that in certain named precincts "a large number of persons ineligible to vote in said Democratic primary were knowingly permitted and procured to cast their ballots for you (appellee) for the said nomination," and which is alleged in the notice amounted in the aggregate to more than the plurality reported and certified for the appellee. The court sustained the motion and struck from the files the second notice. Thereupon appellee filed a demurrer to the first notice which the court sustained and dismissed the proceedings, and to obtain a review of the rulings of the court appellant prosecutes this appeal.

Whether ground (a), which was sustaind by the court, is or is not sound we need not determine since there can be no doubt of the propriety of the court's ruling in sustaining ground (b). The purpose in pleading, whether it be styled a notice or be designated by any other name, is to inform the opposing litigant with reasonable certainty the grounds of complaint or defense so that he may be prepared to meet them on the trial. In furtherance of that purpose it has been uniformly held by us that in election contest cases where the ground was the casting of ineligible votes that the pleader should name the persons whose votes he questions upon that ground as well as the facts which rendered them ineligible. Weller v. Menninghoff, 155 Ky. 77; Horton v. Botts, 158 Ky. 11; Clark v. Robinson, 159 Ky. 25; Francis v. Sturgill, 163 Ky. 650; Thompson v. Stone, 164 Ky. 18; Johnson v. Little, 176 Ky. 505; Hardy v. Russell, 181 Ky. 287, and Kash v. Hurst, 189 Ky. 233.

We therefore conclude that in the absence of an offer of appellant to amend his second notice the court properly struck it from the record.

The sole ground of contest stated in the first notice was that the appellant received more legal votes in the primary election for the nomination for the office involved than did appellee and that "an accurate, fair and impartial count of the ballots legally cast for each of us would have shown that I (appellant) received more legal

votes than you (appellee) received, and that I (appellant) was therefore justly and legally entitled to the certificate of nomination;" and further that "a count of all the votes I (appellant) received and those received by you (appellee) will show that I (appellant) duly received more votes at said primary election than you (appellee) did, for the nomination that both of us were seeking." The court was of the opinion that the statements in the notice did not sufficiently charge mistake, oversight or fraud in the counting or certifying of the votes to authorize it to open the ballot boxes and recount them upon the trial of the contest, provided it was shown that they had been preserved with the requisite integrity.

In the case of Snowden v. Flanery, 159 Ky. 568 (which was a contest growing out of a regular November election) the only ground alleged by the contestant was that the officers of the election, by mistake or oversight, counted and certified for the contestee more votes than he in fact received and a less number of votes for contestant than he in fact received, and that those corrections would give the contestant a majority of the votes cast. The first question before the court in that case was whether the allegations were sufficient to authorize a recount of the votes in the contested precincts (which in this case are all of them in the county), and in disposing of that question the opinion says:

"Upon a thorough and full consideration of the question, the court has reached the conclusion that a recount may be had upon the naked allegation of mistake in the counting and certifying of the vote; and, in a large measure, we have been aided in reaching this determination by the fact that we believe a most salutary influence will be exercised in favor of the honesty of elections and in the prevention of election frauds by the promulgation of the ruling herein announced.

"The trend of the best modern thought is along the lines of establishing beyond cavil the absolute fairness and honesty of the elections whereby is indicated the will of that large percentage of the people of the Commonwealth who do not actively participate in the operation of the election machinery further than the casting of the individual vote, to the end that the people shall have an abiding and confiding faith in the integrity of their elections, respect for the officers chosen at those elections, and show willing obedience to the law as administered by them."

The question, therefore, for our determination is whether the language in the above quotations, taken from the notice, is sufficient to charge in effect that there was a mistake, or oversight, or fraud in counting or certifying the votes which were cast for the appellant and appellee in the August primary for the Democratic nomination for the office of jailer of the county, and to inform appellee with reasonable certainty of the grounds of contest so as to enable him to make a defense thereto. Upon thorough consideration (but not without some hesitation) we have concluded that the answer should be in the affirmative. The notice alleges in effect that the officers of the election in the several election precincts of the county inaccurately, unfairly and with partiality counted and returned the ballots cast in the race for nomination for jailer of the county. Those charges could not be true, unless the election officers acted under a mistake or by oversight or through fraud on their part, in making the inaccurate or unfair return. We do not understand it to be imperatively necessary to employ the words "mistake," "oversight" or "fraud" in election contest proceedings, it only being necessary that the allegations are sufficient to clearly imply a charge of either of them to make the pleading good on demurrer. This being true the case comes directly within the doctrine of the Snowden case, *supra,* and the court erred in sustaining a demurrer to the first notice.

We are aware that there is a dictum contrary to the views above expressed in the opinion in the case of Pace v. Reed, 138 Ky. 605, but it is based upon an erroneous quotation made from the case of Edwards v. Logan, 114 Ky. 312. The learned judge who wrote the opinion in the Pace case was evidently misled into making the supposed quotation from the Edwards case through error of counsel in preparing their briefs in the former case. However this may be, the Snowden opinion is the latest utterance of this court upon the subject; and it must also not be overlooked that each of the cases referred to was a contest of a regular election where the pleadings required are the same as are required in other actions, while this proceeding is only contesting the nomination in a primary election where the initial pleading is only a notice and which under the statute is required to state only "the grounds of such contest." Subsection 36 of section 1550 is a part of the act providing for primary

elections for the nomination of candidates to be voted for at the regular November election and, consequently, is a part of the same act providing for the character of contest now under consideration. It says, in part, "This act shall be liberally construed so as to carry out its purpose, and give to the voters of the different parties an opportunity to select their candidates." The evident *purpose* of the act is that the candidate receiving the highest number of votes shall be awarded the nomination; and the only way that the voters of the different parties may be given "an opportunity to select their candidates" is for their votes to be counted as cast. There is, therefore, expressly enjoined upon this court, by the act itself, the duty of so construing it in its entirety as to carry out the purposes mentioned. A portion of the act, as we have seen, is subsection 28, providing for contests, and we think the express injunction contained in the act, for its liberal construction, requires of us that we should not construe the pleading of the parties according to the strict common law rules, but rather that we should hold the pleading sufficient (which in this case is the notice of contest). when its allegations. set forth with reasonable clearness the grounds relied on. Of course, where the statute is clear and explicit as to the exact step which shall be made, or the precise action that shall be taken, it should be followed. In that part of the act providing for a contest there is no specific provision as to the particularity with which the grounds shall be alleged. We therefore conclude that where, as in this case, the language states by clear implication the grounds relied on it will be sufficient.

Wherefore, the judgment is reversed with directions to overrule the demurrer to the first notice and for proceedings consistent with this opinion.