### Swaner v. Barnett.

(Decided September 27, 1921.)

### Appeal from Laurel Circuit Court.

1. Elections—Primary Elections—Contest—Pleading.—In a primary election contest the same exactitude and particularity in pleading are not required as in ordinary suits at law.

2.    Elections—Primary Elections—Contest—Notice.—In such a contest an allegation in the notice, that by reason of the fraud or mistake of the election officers in counting and certifying the ballots in certain precincts, the result reached was erroneous and not true and registered a false result, and that the contestant, in fact, received the highest number of legal votes, stated good grounds of contest.

3.    Elections—Primary Elections—Contest.—Although there was no allegation that the contestee did not receive as many votes as certified for him by the election officers, there being an allegation that the contestant received more legal votes than the contestee and that by reason of the fraud or mistake of the election officers that result had been reversed, it is immaterial whether the contestee received more or less votes than those certified for him by the election officers, if the recount showed that the contestant received more legal votes than did contestee.

4.    Elections—Fraud—Mistake—Notice.—Although it is alleged in the notice that by reason of fraud or mistake the ballots alleged to have been erroneously counted for contestee had been cast and should have been counted for contestant, if the evidence shows that these ballots were erroneously counted for contestee but had not been, in fact, cast for contestant but for other aspirants, they should be deducted from contestee's total although not added to contestant's.

H. C. CLAY for appellant.

JOHN D. CARROLL, GEORGE G. BROCK, H. H. TYE and TYE & SILER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellant and appellee, together with several others whose names do not appear, were candidates at the August primary, 1921, for the Republican nomination for jailer of Laurel county.

The returns as certified from the various precincts disclosed that appellant and appellee were the two leading candidates, the appellee receiving 789 votes and appellant 779.

Accordingly the county board of election commissioners issued a certificate of nomination to appellee:

Appellant, within the time prescribed by law, gave his notice of contest to appellee, who at the time fixed filed his response, which was merely a traverse, there being no counter grounds stated.

At the time of the filing of the response a general demurrer was filed by the appellee to each paragraph of the notice, and to the same as a whole.

On a hearing, the only evidence introduced, other than that of the clerk and his deputy tending to show the preservation and integrity of the ballots, was the counting of the ballots in the eight precincts designated in the notice; and the court adjudged that "this cause being submitted on the evidence the court finds from the evidence that at said primary election the contestant, G. W. Swaner, received at said election in Laurel county 784 legal votes, and that the contestee, W. H. Barnett, received at said election in said county 777 legal votes; but the court further finds that under the pleadings in this case the contestant is not entitled to have any reduction in number of votes certified for contestee, to-wit: 789, by the election commissioners, for the reason that it is not alleged as a ground of contest that contestee did not receive that number of votes in said county, and there being no evidence that any of the votes cast or counted for contestee, W. H. Barnett, were, in fact, cast for contestant, contestant is not entitled to receive the certificate of nomination herein." And then the court proceeded to dismiss contestant's proceeding, and he has appealed.

The recount in the only precincts involved showed that appellant received more legal votes than appellee, but the court having dismissed appellant's contest because, in its opinion, his pleadings were insufficient, there is presented only the question of the sufficiency of the notice.

The contestant, after stating in the preliminary part of his notice that he contests the nomination of appellee and the vote certified for appellee at the primary, subdivides his notice as shown by the figures thereon into 1, 2, 3 and 4, without disclosing whether he intends those subdivisions to be considered as separate paragraphs, stating separate grounds of contest; but the demurrer filed by the contestee went to each of them as separate paragraphs and to the notice as a whole.

That they were not intended as separate grounds of contest is apparent, however, from the fact that in his first subdivision, number one, he sets out only the holding of the election and the purpose for which it was held, the facts showing his eligibility, and his compliance with certain provisions of the statute. Clearly this could not have been intended as a ground of contest, for the mere fact that he was a Republican, of required age, and otherwise eligible to the office, could not have been intended

as a good reason why he was entitled to the nomination and the contestee was not.

In this situation, therefore, we shall, as the circuit judge appears to have done, treat the whole notice as one paragraph and pass upon its sufficiency in that light; and particularly will we do this in the light of the provision in the primary act (subsection 36) that "This act shall be liberally construed so as to carry out its purposes and give to the voters of the different parties an opportunity to select their candidates." And further, in pursuance of the rule heretofore announced in such cases, that in primary election contests the same exactitude and particularity in pleading will not be required as in ordinary suits at law. Thurman v. Alvey, 192 Ky. 341.

The notice of contest, among other things, contains this allegation, to-wit: "Contestant avers and charges that the finding of the said board of election commissioners as between him and W. H. Barnett is erroneous and not true, in that the contestee, W. H. Barnett, did not receive the largest number of legal votes cast for any candidate for the Republican nomination for jailer at the primary election in said county, but that this contestant received the largest number of legal votes cast for any candidate for the Republican nomination for jailer of Laurel county in the said primary election"; and later, after giving the names of the eight precincts in which he charges the returns were erroneous, he further alleges that the officers who conducted the election in those precincts "either through mistake, ignorance, fraud or oversight, he does not know which, failed to correctly count and certify the correct and true number of votes cast for him as such candidate, or the true number of votes cast for the contestee herein, in that the said election officers erroneously counted and certified as having been cast for contestant (meaning contestee) W. H. Barnett, a number of votes which were actually cast for this contestant and which the said election officers should have counted and certified as having been cast for this contestant, and said election officers failed to count or certify for contestant all the votes that were cast for him at said election in either of said precincts"; and again it is alleged in the notice: "The contestant says that the county board of election commissioners upon the canvass of the returns of the various voting precincts of Laurel county declared that contestee, W. H. Barnett,

received ten votes more than contestant for said office of jailer, but contestant says that upon an inspection and recount of said ballots it will be found that the contestant has received a greater number of votes than contestee.''

We then have, in effect, an allegation in the notice that, by reason of the fraud or mistake of the election officers in counting the ballots and certifying the result, the returns in the eight designated precincts were erroneous and not true and that their certificate in fact registered a false result because of such fraud or mistake, and that contestant in fact received the highest number of legal votes for that nomination, and that this result will be shown by a recount of the ballots in those precincts. And it is not to be doubted that the notice of contest was sufficient under the rule laid down in the case of Snowden v. Flanery, 159 Ky. 568, and the case of Thurman v. Alvey, above referred to.

It is true, as recited in the judgment of the lower court, that there was no express allegation that the contestee, Barnett, did not receive as many as 789 votes, which were certified for him by the officers of the election; but it is likewise true that there was an allegation that the contestant received more legal votes than the contestee, and that by reason of the fraud or mistake of the election officers in the precincts named that result had been reversed; and under this allegation it matters not whether the contestee received more or less votes than 789 if the evidence shows that upon a recount, to which the contestant was entitled under the allegations, he, and not the contestee, was entitled to the nomination.

Under the pleadings the distinct issue was made, although in a circuitous way, that by reason of fraud or mistake of the election officers a wrongful result was reached, and because of their counting of ballots for contestee to which he was not entitled and because of their failure to count for contestant ballots which should have been counted for him, a correct result was not reached.

It is true that, after alleging in the notice that contestant had received the highest number of legal votes cast for any candidate, and that contestee had not received the highest number of legal votes, it is further alleged that in the official count by reason of fraud or mistake, in the named precincts, the ballots which were erroneously counted for appellee had been cast and should have been counted for appellant.

But the fact that the evidence showed that while some of those ballots were erroneously counted for appellee they had not been, in fact, cast for appellant but for some of the other aspirants furnishes no good reason why they should not be deducted from appellee's total, although they were not to be added to appellant's.

The notice in this case, when taken altogether, could not have been misunderstood; it with reasonable accuracy notified the contestee that appellant claimed that he had received more legal votes than appellee had in the primary because in certain precincts ballots were wrongfully counted for appellee which, when deducted from the number of votes properly counted for him, would give appellant the highest number of votes.

The result showed that the contestant's allegations were only partially true; that ballots had been wrongfully counted for appellee which had not been actually cast for him, but which had not been cast for appellant, as alleged, but for some other candidate; but when the votes so wrongfully counted for appellee are deducted from his total the result is that appellant has received the highest number of votes.

Keeping in mind not only the language but the spirit of the statute and the rule of this court adopted in harmony therewith not to give technical construction to pleadings in such proceedings, we find that the notice was sufficient for all practical purposes and that appellant was the rightful Republican nominee for jailer of Laurel county at the August primary.

The judgment is reversed and it is the judgment of this court that G. W. Swaner is the Republican nominee for jailer of Laurel county at the approaching November election, and the clerk of this court is instructed to certify this fact to the proper office.

Judge Sampson not sitting.