Charles I. BOONE, Appellant,

v.

Paul L. HUMPHREY et al., Appellees.

Court of Appeals of Kentucky.

Sept. 29, 1961.

Ephraim K. Lawrence, Jr., Raymond C. Stephenson, Louisville, for appellant.

W. S. Heidenberg, Raymond F. Bossmeyer, Louisville, for appellees.

STEWART, Judge.

Appellant, Charles I. Boone, and appellee, Paul L. Humphrey, were candidates in the Democratic Primary held on May 23, 1961, for the office of Judge of the Shively Police Court. On the face of the returns appellee won over appellant by one vote.

Appellant instituted a contest of the election. This proceeding raised the issue of which candidate received the votes in C–4 precinct of 100 persons who cast their ballots after the legal closing time, but who were then in line at this precinct or were inside the voting place.

The trial court dismissed the complaint on the ground that there was no issue of material fact. The court had previously ruled appellant could not challenge the 100 persons and require them to answer for whom they cast their vote because he, in his original complaint, in setting out the manner in which it was claimed the illegal voting had occurred, had stated that "said ballots were cast by persons not standing in line at said polling place at the legal closing time for said polls." The circuit court concluded that appellant by this statement conceded that if the 100 persons were standing in line when the polls closed (and this was found to be the case) their votes should be considered valid.

The question on appeal is whether the trial judge erred in dismissing the complaint for the reason that appellant, by using the above-quoted language, had inferentially conceded the legality of the votes cast because those whose ballots are in dispute were standing in line at the legal closing time.

■ KRS 119.040, stating that, in primary elections, the polls shall open at 6:00 a. m. and close at 5:00 p. m., is mandatory. Hogg v. Caudill, 254 Ky. 409, 71 S.W.2d 1020; Vansant v. McPherson, 155 Ky. 34, 159 S.W. 630. It has been held that votes cast after the closing hour should be ascertained and deducted from the totals, so as to avoid disfranchisement of the entire precinct, provided the votes so cast illegally are sufficient in number to affect the result. Banks v. Sergent, 104 Ky. 843, 48 S.W. 149, 20 Ky.Law Rep. 1024.

■ C–4 precinct has 1150 registered voters and over 450 cast ballots in the primary. There were 66 names of candidates, and only one voting machine was in use, although a second one had been re---

quested. Voting was slow and when the hour for closing arrived, all persons standing in line were taken inside the polling place and the doors were locked. Those persons were allowed to vote. The election commissioners of Jefferson County over a period of many years, and also on this occasion, had instructed the election officials to proceed in this manner.

It is difficult to follow the line of reasoning resorted to by the trial judge when he determined that, if the 100 persons were standing in line (or were inside the voting place) at the legal time for closing the polls, it could be inferred from appellant's pleading quoted above that it was admitted such persons did not cast illegal votes. The vital point is that these votes were cast after the legal closing time, and the allegations of the complaint make it crystal clear this is the practice that is challenged in the action at bar. These persons were allowed to vote at a time when the law says no more ballots should be cast, and it makes no difference whether these voters were stationed inside the voting place or were or were not standing in line on the outside. Even though the trial judge construed the averment in appellant's complaint correctly, his interpretation is unacceptable if it is contrary to the law governing the facts of this case.

In Marilla v. Ratterman, 209 Ky. 409, 273 S.W. 69, 73, we said: "* * * it is clear that no agreement among the officers of the election can render valid an invalid vote * * *." By analogy, no statement averred in the contestant's pleadings could be construed, either directly or by inference, so as to render valid an invalid vote. We are not concerned here with the failure to raise an issue as to a certain ground of invalidity.

Appellees state that by closing the doors of the polling place at the proper time, the officials thereby legally closed the polls, although the 100 votes were cast thereafter. This line of thinking is manifestly incorrect. To close the polls, as the statute demands, requires that the voting cease. Otherwise, an election could be prolonged for hours, perhaps a day, longer.

Wherefore, the judgment is reversed with directions that the trial court require the 100 late voters listed in the pleadings to appear and state for whom they voted in the race in question, so that the proper tabulation of valid votes may be made.