## Herald v. Turner.

(Decided March 10, 1931.)

GRANNIS BACH for appellant.

HENRY L. SPENCER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

At the general election held on November 8, 1927, William Herald and Dan B. Turner were candidates for the office of member of the Breathitt county board of education in educational division No. 3. The division is composed of five precincts, and on the face of the returns the vote was as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| Beech Grove | Precinct No. | 7 | Herald | 71 | Turner | 113 |
| Crockettsville | Precinct No. | 8 | Herald | 67 | Turner | 137 |
| George's Branch | Precinct No. | 9 | Herald | 37 | Turner | 134 |
| Wolf Coal | Precinct No. | 21 | Herald | 173 | Turner | 124 |
| Elsom | Precinct No. | 18 | Herald | 193 | Turner | 7 |

—the aggregate vote being Herald 541, and Turner 515. Herald, having received the majority of the votes, was awarded the certificate.

On November 14, 1927, Turner filed contest. In his petition he alleged that all the votes in the precincts other than Elsom were cast by legal and qualified voters thereof, but averred that in Elsom precinct he received 36 votes and Herald 161 votes, but that the officers' certificate was altered and changed so as to show that he received 7 votes and Herald 193 votes, and this was the only ground of contest. On November 29, 1927, Herald filed an answer and counterclaim denying the allegations of the petition, and counter contesting on account of numerous irregularities occurring in George's Branch precinct No. 9, and open voting by 26 voters in Beech Grove precinct No. 7, and 25 voters in Crockettsville precinct No. 8, without making the required affidavit as to disability. On December 9, 1927, Turner filed a reply denying the grounds of countercontest, and pleading in the last paragraph that the election in Elsom precinct No. 18 was void because of fraud, bribery, open voting, and other irregularities in the conduct of the election. On motion of Herald the additional grounds of contest were stricken from the reply. On final hearing the court excluded the vote in George's Branch precinct No. 9 and Elsom precinct No. 18 on the ground that no legal elec-

tion had been held in either precinct, and it appearing that Turner received a majority of the votes in the other precincts, he was declared elected. Herald appeals.

The evidence discloses, and it is practically conceded, that scarcely any of the requirements of the election law were observed in George's Branch precinct No. 9. Therefore the court did not err in throwing out the vote of that precinct. As the charge of illegal open voting in precincts 7 and 8 by numerous voters named in the answer and counterclaim was fully sustained by the evidence, it is at once apparent that the case turns on whether the vote in Elsom precinct No. 18 was properly thrown out. The statute then in force, after providing that the petition in a contest like this should be filed within 10 days after the final action of the board of canvassers, further provided: ''And shall state the grounds of the contest relied on, and no other grounds shall afterwards be relied upon.'' Section 1596a-12, Kentucky Statutes. Construing this section we have held that, though a contestant may amend his petition after the time prescribed for filing the contest, to enlarge the grounds of contest stated in the petition, or to make them more definite and certain, he cannot bring in new or additional grounds. Taylor v. Nuetzel, 220 Ky. 510, 295 S. W. 873. As the only ground of contest relied on in the original petition was the alteration of the certificate of the officers in Elsom precinct No. 18, it necessarily follows that the charges of fraud, bribery, and other irregularities in that precinct were not an amplification of the original ground, or an effort to make that ground more definite and specific, but were new and additional grounds and therefore of the character forbidden by the statute. That being true, there is no escape from the conclusion that the court properly struck the additional grounds from the reply, and, having done this, it is equally clear that the court erred in giving effect to the evidence, and throwing out the vote of the entire precinct because of such additional grounds. It follows that Herald and not Turner should have been declared elected.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.