## Goad v. Jackson.

(Decided Oct. 8, 1937.)

B. F. DENHAM for appellant.

JAMES T. PHILPOT, J. PAUL CARTER and JAS. C. CARTER, Jr., for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

At the August primary election held in Monroe county, on August 7, 1937, the appellant, S. Goad, appellee, Glenn Jackson, and one Ben Williams, were candidates for the Republican nomination of county tax commissioner. Appellant received approximately 1,100 votes, appellee, Glenn Jackson, received approximately 1,400 votes, and Ben Williams received less than 300 votes. The certificate of nomination was awarded to appellee, Glenn Jackson.

Appellant brought this suit in the Monroe circuit court contesting the election, naming Jackson and Williams as defendants or contestees. Williams having received a less number of votes than that received by appellant, he was not a necessary party to the action, and it appears that he filed no answer or countercontest and he is not involved in the appeal.

The petition consists of about eight separate allegations set out in so many literary paragraphs, each and all of which must be considered as a whole in determining the sufficiency of the petition.

The first paragraph sets out preliminary matters relating to the candidacy of the parties and the eligibility of plaintiff to hold office of county tax commissioner, and concludes with the allegation that appellee was not nominated to said office of county tax commissioner and did not receive a majority of the legal votes cast for the Republican nomination of tax commissioner and is not entitled to such nomination. In paragraph 2 he alleges that prior to said primary election the defendant, Glenn Jackson, F. A. Brown, Paul Carter, Paul Lyons, and many of the candidates "running on a slate or band wagon," including certain county officers, conspired with themselves and other candidates to prevent a free and equal election and to procure the apparent or pretended election of defendant, Glenn Jackson, and other candidates running with him on said band wagon, candidates with whom he was connected as a conspirator, to bring about the election of defendant and to defeat him, the plaintiff, regardless of whether he might or might not receive a majority of the legal votes cast in

said county for respective offices for which they were candidates, and the said conspirators conspired to procure said election by means of fraud, intimidation, bribery, and violence.

In paragraph 3 he alleges that, pursuant to and in execution of the aforesaid conspiracy and acts of fraud, intimidation, bribery, violence, and wrongful acts thereinafter set forth, were perpetrated and brought to pass. Paragraph 4 relates to the manner of appointment of election officers and their alleged misconduct in holding the election and that they bought votes at various voting places in the county for the defendant, Glenn Jackson. Paragraphs 5 and 6 read as follows:

(5) "Plaintiff says that the defendant knowingly pooled money with other candidates to be spent on election day by their workers, friends and strikers, named by them to bribe voters, and he alleges that more than $4000.00 of the pooled money was spent by the defendant, Glenn Jackson, in the election for the purpose of bribing the voters to vote for the said defendant, and other conspirators; that all of said money was spent for the said purpose by defendant, Glenn Jackson, his friends and other members, and candidates working to thus illegally procure the nomination of this defendant, Glenn Jackson, which said money was contributed by the defendant, Glenn Jackson, and other members of his band wagon and of other band wagons working through his conspirators to thus defeat this defendant in said primary election."

(6) "The plaintiff states that the defendant, Glenn Jackson, knowingly spent money for the purpose of buying votes for himself and others contributed large sums of money to a pool during said conspiracy amounting to more than $4,000.00 which said sum was used collectively and knowingly on the day of the election for buying votes by himself and others, for furnishing whiskey in said precincts and of corrupting the voters or securing illegal votes and by reason of the violation of the Corrupt Practice Act, section 1565b-21, [Ky. Sts.] the said Glenn Jackson, as aforesaid has forfeited his right by reason of the violation of the said section and subsections and that this plaintiff is entitled to the Republican nomination for County Tax Commissioner

for Monroe County; that this plaintiff did not directly or indirectly contribute any money to the corrupting of the voters or for bribery or violation of the Corrupt Practice Act in any manner, and that the defendant, Glenn Jackson, is not entitled to said office, and that he, this plaintiff, should be declared the Republican nominee for Tax Commissioner for Monroe County."

In paragraph 7 it is alleged, in substance, that there were $8,000 spent on the day of election by election workers and candidates for offices other than plaintiff and that by reason of said large expenditure of money in violation of the Corrupt Practice Act (Ky. Sts. sec. 1565b-1 et seq.), if the court be of the opinion that neither plaintiff nor defendant is entitled to said nomination, the primary election should be held void. Paragraph 8 reads as follows:

(8) "Plaintiff states that said conspiracy was fully carried out by the conspirators, and the defendant, Glenn Jackson, and that said Jackson by himself and by others, with his knowledge and consent committed the acts of fraud and bribery on the day of election, bought more than 600 votes with money and other things of value with the large amounts of money so pooled; that this plaintiff did not, by himself or by others, directly or indirectly commit any act of bribery or contribute any sums of money to that purpose by himself, directly or by others directly or indirectly."

The appellee, defendant below, filed motion to strike each and every paragraph of the petition because "they are too indefinite for the defendant to prepare a defense or to put the defendant and contestee upon notice." Without waiving his motion to strike, defendant also filed a general demurrer to each and every paragraph of the petition.

The court did not pass upon the motion to strike but sustained the demurrer to the petition and dismissed same. Hence this appeal.

The sole question involved is whether the petition stated a cause of action or grounds of contest. It may. be conceded that a large portion of plaintiff's petition was too indefinite and vague and the motion to strike certain allegations might properly have been sustained.

But we are unable to agree that the motion to strike each and all of the allegations of the petition should have been sustained or the demurrer sustained thereto.

It will be observed that, since the original enactment of the primary election law, there have been various amendments of the statute, and the various opinions of this court relating to violations of the primary election law, relating, among other things, to the necessary allegations to state grounds of contest, etc., must be construed in the light of the statute in force at the time such opinions were rendered.

However, for the purpose of the present case, we are governed by the latest amendment of the statute as amended at the 1934 session of the Legislature (section 1550-28) and such other parts of previous statutes retained. With reference to the pleadings under the Corrupt Practice Act, the statutes now in force, section 1550-28, 1936 Edition, is the same as the 1930 edition of the statutes which we construed in the cases hereinafter referred to.

The petition is somewhat inaptly drawn and many of the allegations are indefinite and others fail to state grounds of contest. Yet when the petition is considered as a whole we think a cause of action or ground of contest is stated under the Corrupt Practice Act. Leaving out the bad and considering the good only, the substance of the petition is, that appellee entered into a conspiracy with certain named parties and other candidates for the purpose of committing acts of fraud, intimidation, and bribery which were carried into effect; that appellee knowingly contributed to a pool or sum of money, approximately $4,000, which was spent by the defendant in the election for the purpose of buying votes for himself and other conspirators to procure the nomination of defendant in violation of the Corrupt Practice Act, and made reference to section 1565b-21. It is insisted that this section of the statute does not deal with the Corrupt Practice Act, but has reference to grand jury investigation, etc., and for that reason the Corrupt Practice Act was not pleaded. If appellee committed the acts alleged, same were a violation of the Corrupt Practice Act and it is not material that section 1565b-21 of the statute was inadvertently or otherwise referred to. It is further alleged that the conspiracy was fully carried out and the defendant, Jackson, by himself and

by others with his knowledge and consent, committed acts of fraud and bribery on the day of election and bought more than 600 votes with money and other things of value.

Section 1550-28 of the Kentucky Statutes, 1936 Edition, as amended by the acts of 1934 (chapter 62, sec. 1) provides that the petition must set out the specific grounds relied upon for such contest. It is the established rule that, when violation of the Corrupt Practice Act is pleaded and relied on, an allegation to the effect that the defendant violated the provisions of the Corrupt Practice Act, specifying the particular act denounced or omission contained in the statutes as constituting its violation, is sufficient without setting out the names of voters bribed or their number or other details or particularities. In Combs v. Brock, 240 Ky. 269, 42 S. W. (2d) 323, 327, discussing the Corrupt Practice Act, we said:

> "In the cases of Burke v. Greer, supra [197 Ky. 555, 247 S. W. 715], and Bingham v. Smith and Duff, 210 Ky. 256, 275 S. W. 811, we expressly held that a pleading charging bribery in a contested election case was sufficient without specifying the names of the persons bribed, or their number. In the same cases, and others not necessary to mention, we held in effect that the bribery of even one vote by a candidate, or some one acting for him and with his knowledge and consent, was a violation of the Corrupt Practices Act sufficient to deprive the candidate of the nomination or election if such bribery was satisfactorily proven.

> "The Corrupt Practices Act characterizes a variety of acts and omissions as offensive to its provisions, and it would, no doubt, be incumbent upon the pleader invoking them to specify in his pleading the particular denounced act or omission contained in the statute as constituting its violation, and we do not construe the provisions of the 1930 act, supra, when it says that the contest pleading shall set out 'the specific grounds relied upon,' to require any different rule of pleading, or more particularity than what we have heretofore adopted in the cases supra. Therefore, when plaintiff averred in the fourth paragraph of his petition, and in the last sentence of the third paragraph, that defendant

had violated the provisions of the Corrupt Practices Act by bribing voters to cast their ballots for him, and procuring others to do so with his knowledge and consent, he sufficiently stated the ground of contest contained in section 1565b-11, supra, of our Statutes, and that the court erred in sustaining the demurrer thereto, and for this reason alone the judgment was and is erroneous.''

The rules of pleading, with respect to being definite and specific in cases where the Corrupt Practice Act is pleaded and relied on, must not be confused with the other rule in that respect where certain other grounds of contest are relied on, such as bribery or the procurement of other illegal votes. In the latter cases, what is known as the mathematical rule applies, hence the pleader must set out the names of the voters bribed or otherwise casting illegal votes. For a distinction in the rules, see Taylor v. Nuetzel, 220 Ky. 510, 295 S. W. 873.

Appellee relies upon the case of Owsley v. Hill, 210 Ky. 285, 275 S. W. 797. There is language used in that opinion which might indicate that the same rule of pleading applicable to a contest under the Corrupt Practice Act is also applicable to other grounds of contest. But it appears that the writer of that opinion inadvertently confused the rules or failed to grasp the established distinction between them, and we cannot follow that opinion in this class of cases. We are constrained to follow and adhere to the rule enunciated in the case of Combs v. Brock, supra, and cases cited therein.

For reasons stated, the judgment is reversed and remanded, with directions to set it aside and for proceedings consistent with this opinion.