## Adams et al. v. Helton et al.

Nov. 26, 1943.

Henry L. Bryant and W. T. Davis for appellants.

W. L. Hammond and Arthur Rhorer for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

The election commissioners of Bell County certified that a majority of 322 votes was cast against local option at an election held on September 11, 1943.

On September 13 a petition was filed, seeking a recount and also purporting to set up grounds of contest. A general demurrer was sustained to the petition in so far as it purported to allege grounds of contest and the contestants were given leave to amend. On a recount of the votes the wet majority was reduced to 39, but on appeal to this court the majority was fixed at 86. See Adams et al. v. Helton, Sheriff, 295 Ky. 326, 174 S. W. (2d) 406.

On the ninth day of October, within thirty days after the day of the election, the contestants offered an amended petition. The original petition alleged in general terms fraud and mistake in counting the votes by the election commissioners and also alleged that 350 illegal wet votes were cast but the illegal voters were not named. The offered amendment set forth specific grounds of contest:

(1) Alleged illegal voters were named by precinct.

(2) Election officers fraudulently permitted the stubs containing voters names to remain attached to ballots to the end that such ballots could not be counted in favor of local option.

(3) Persons assisting the election commissioners in counting the ballots fraudulently. mutilated dry ballots by stamping and blurring them so as to make it appear that such ballots had been voted both wet and dry, in order to prevent such ballots from being counted.

(4) Such persons also removed the stubs containing the voters' names from wet ballots in order to validate them and cause them to be counted and they were counted.

General grounds of contest were also alleged, such as the use of money and whiskey by the wets to influence voters.

The lower court refused to permit the amended petition to be filed, being of the opinion that new and additional grounds of contest could not be set up by amendment. Having previously sustained a demurrer to the original petition, the court dismissed the petition upon the contestants' failure to plead further and this appeal follows.

By virtue of KRS 242.120 the procedure in a local option election contest is the same as that provided by KRS 122.070 for general elections. The latter section provides in part that: "The petition shall be filed and process issued within thirty days after the day of election; it shall state the grounds of the contest relied on, and no other grounds shall afterwards be relied upon." Then, after providing for the filing of the answer and of counter-contest, the closing sentence of that section reads: "A reply may be filed within ten days after the

answer is filed; its affirmative allegations shall be treated as controverted, and no subsequent pleading shall be allowed.''

It is the contention of the appellants that in an election contest filed pursuant to KRS 122.070 the petition may be amended at any time, even after the expiration of the thirty days provided for filing contests, in order to perfect a ground of contest imperfectly set up originally and that within the thirty day period the petition can be amended by setting up new or additional grounds of contest. We think this position is well taken.

We have had similar provisions in the statutes regulating election contests continuously since 1860. Prior to 1900 the procedure in election contests was radically different from the present procedure and grounds of contest were set up in a notice served on the contestees. The notice served the function now served by a petition. Stanton's Revised Statutes of 1860, c. 32, art. 7, sec. 5, subd. 1, provided that: ''The notice shall state the grounds of the contest, and none other shall afterward be heard, as coming from such party.'' This provision continued in the statutes until the procedure was changed so as to require the filing of a petition and execution of summons as in other actions. It was essential to modify the quoted provision to meet the changed procedure and the modification appears in Carroll's Kentucky Statutes (1903 edition) in substantially the same form as it now appears in KRS 122.070.

In Banks v. Sergent, 104 Ky. 843, 48 S. W. 149, 150, it was contended that a contestant was bound by the first notice and that no additional grounds could be set up in a later notice, but it was held otherwise, the court saying: ''It is contended by appellee that appellant must fail in this proceeding for the reason that the original notice of contest, which was given on the 6th day of November, was abandoned, and this proceeding is had under a subsequent notice, given of the 12th; appellee contending that a party contestant is bound by the first notice given, and that it could not be changed or amended, or additional grounds set up, in a subsequent notice. We do not assent to this proposition. We are of opinion that, within the time allowed by law to give notice of contest, a person may give notices additional and amendatory, or abandon the first and give others. He may give as many notices of grounds of contest as he desires, pro-

vided he does so within the limit of time allowed, and on the meeting of the board of contest he may file any one or all of the notices given, and rely on any or all grounds set out in either of the notices given." That case is clearly on all fours with the question confronting us since the notice there involved occupied the status now occupied by the petition.

In Brandenberg v. Hurst, 290 Ky. 592, 162 S. W. (2d) 223, it was pointed out that the statute under consideration was materially different from the statute covering contests of primary elections and that a party contesting a general election may amend his pleading at any time to correct erroneous allegations or cure defects in pleadings so long as no new ground of contest is set up. Cited in support of the conclusion were the cases of Herald v. Turner, 237 Ky. 827, 36 S. W. (2d) 623, and Campbell v. Combs, 273 Ky. 404, 116 S. W. (2d) 955, which hold that pleadings in election contest cases may be amended unless some new ground of contest is set up after the time provided within which contests may be filed. Other cases so holding are Burke v. Greer, 197 Ky. 555, 247 S. W. 715, and Taylor v. Neutzel, 220 Ky. 510, 295 S. W. 873. The holding in these cases, that no new ground of contest may be set up after the expiration of the prescribed time for filing a contest, implies, as a logical deduction, that such new grounds may be set up within that time. See Austin v. Anderson, 279 Ky. 742, 132 S. W. (2d) 56.

The conclusion of the whole matter is that the word "afterwards" in the statute under consideration has reference to the end of the thirty day period provided for filing contests and not to the time of filing the petition. Reason and logic support the conclusion. The sole purpose of the controversial language is to accelerate the trial of election contests and, since a contestant has thirty days after the day of election within which to file his petition, the purpose behind the statute would not be effectively served by limiting the time for filing amendments to a shorter period than that in which the original contest petition could be filed. In any event, it is apparent that all cases considering the controversial language have either directly or by implication regarded it only as limiting the right to file amendments setting up new grounds to the thirty day limitation period for filing contests.

The appellees insist that the closing sentence of KRS 122.070, prohibiting the filing of any pleading subsequent to a reply, operated to prevent the filing of the appellants' amended petition because it was offered after a reply was filed. We do not regard the provision as having the effect attributed to it by the appellees. It seems obvious that its purpose was merely to accelerate the trial of election contests by dispensing with the usual formalities of pleading to an issue by rejoinder and other pleadings subsequent to reply. In Adams v. Roberts, 119 Ky. 364, 83 S. W. 1035, the question was posed but not decided because no necessity existed for its decision. It suffices to say, however, that the same provision was in the statutes when the cited cases were decided, holding by implication that new grounds might be set up by amendment within the limitation period. The court in deciding those cases evidently regarded the provision, as do we, as merely dispensing with the usual formalities in pleading in order to accelerate the trial.

The offered amendment, when considered in connection with the original petition, stated valid grounds of contest in some particulars and, since it was offered within thirty days from the day of the election, the trial court should have permitted it to be filed.

The judgment is reversed with directions to permit the amended petition to be filed and for further proceedings consistent with this opinion.

Whole Court sitting.