## Adams et al. v. Helton et al.

Jan. 25, 1944.

Henry L. Bryant and W. T. Davis for appellants.

W. L. Hammond and Arthur Rhorer for appellees.

. OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Overruling Motion.

. This action began as a contest over a local option election held in Bell County in September 1943. The trial court sustained a demurrer to the petition, refused to permit the filing of an amended petition and dismissed the contest. On appeal to this court we reversed the judgment, holding that the offered amendment should be filed. The opinion will be found in 295 Ky. 326, 175 S. W. (2d) 1012. Mandate was issued from this court on January 1, 1944 but was not received until January 3, which was less than ten days before the regular January term of the Bell Circuit Court.

The mandate was filed in open court on the second day of the term and motion was made to enter an order setting aside the judgment and to file the amended petition in accordance with the mandate. The trial court permitted the mandate to be filed but declined to enter any further orders. The appellants have made a motion in this court for a rule or such mandatory process as may be appropriate to require the Bell Circuit Court to enter an order setting aside the judgment and file the amended petition in order that they might proceed with the taking of testimony and the preparation of the action for trial.

Subsection 2 of Section 761 of the Civil Code of Practice provides: ''If a judgment be reversed, and the case remanded for a trial, or other proceedings, it shall stand for trial, or for such other proceedings, in the court whence the appeal was taken, at the next succeeding term thereof: Provided, That the mandate of the Court of Appeals be filed in the clerk's office of the lower court, and notice thereof given to the adverse party, * * * ten days before the commencement of such term.''

Since the ten day notice of the filing of the mandate was not given, this provision of the Code clearly justified the action of the trial judge in refusing to take ''other proceedings'' in the action, that is, to set aside the judgment and file the amended petition, unless an exception to the general practice may be found in the statutes regulating the procedure in contests of local option elections.

A local option election is contested in the same manner as is provided for the contest of general elections of county officers. KRS 242.120. Contests in such general elections are regulated by KRS 122.070-122.190. It is provided in the latter section that such contests shall proceed as equity actions and have precedence on the trial docket over other actions. One of the cardinal purposes of the statutes is to secure a speedy trial but we find nothing in them authorizing a departure from the specific provisions of Section 761 of the Civil Code of Practice. The situation that has arisen here was evidently not foreseen by the Legislature and, consequently, although it was the intention of the Legislature that these contests should be expeditiously disposed of, there was a failure to guard against delay which might be caused by the situation which has arisen here. We have

searched the statutes in vain for any provision which would justify us in construing the Code provision to dispense with the ten day notice of the filing of the mandate when there is a preliminary appeal and reversal before trial on the merits, as was the case here. It is undoubtedly appropriate and desirable that a remedy be provided to obviate a delay of the kind that has arisen here, but such a remedy should be by legislation, not by unauthorized judicial construction. We think the trial court correctly refused to enter the requested order.

We are also requested by the appellants to indicate the time remaining to them in which to complete their proof, in order that they might proceed with as little delay as possible. However, this court is one of appellate jurisdiction (except in rare instances), authorized to decide such questions as come before us on appeal from the lower courts. The question of time to take proof addresses itself first to the lower court. There is no reason to apprehend that the lower court will not fairly and correctly decide this question when it arises. In the absence of a ruling by the lower court we feel that we are not authorized to decide this question.

The motion for the rule or other mandatory processes is overruled.