**STIVERS v. LEWIS et al.**

Court of Appeals of Kentucky.

Oct. 26, 1951.

T. T. Burchell, Manchester, Jesse K. Lewis, Lexington, for appellant.

H. H. Owens, Barbourville, Brown & Bird, S. V. Little, Lewis & Weaver, London, Lyttle & White, Manchester, for appellees.

CLAY, Commissioner.

We have before us an election contest involving the Republican primary race for Circuit Judge in the 27th Judicial District. The recount phase of the case was disposed of in F. P. Stivers v. Lewis et al., Ky., 242 S.W.2d 859, handed down October 9, 1951.

The trial Court dismissed appellant's petition for the reason that the grounds of contest had not been sustained, thereby

leaving contestee the winner of the nomination. On this appeal only two contentions are made.

The first is that the pleading showed contestant should have been adjudged the winner of the election by 255 votes. In his petition he alleged that in precincts Nos. 1, 11 and 21 in Clay County the voting was open and other irregularities occurred. The contestee's answer admitted such charges, set forth additional grounds of illegality, and agreed that none of the votes should be counted. By reply contestant stated that the persons who had assembled and had illegally voted were supporters of the contestee, and that if it had not been for them the contestant would have received a greater number of legal votes in the precinct. No proof was taken by either side with respect to these precincts. It is contestant's argument that the 458 votes he actually received in those precincts should be counted for him and this would have changed the result of the election.

We do not think the contestant may by this manner of pleading succeed in having all of the votes for the contestee thrown out and those for him counted. His petition alleged unqualifiedly such facts as would, if true, establish that the irregularities at the polls in these precincts were such that no valid election was held there. Contestee specifically admitted this. The attempt to plead by reply that the election in these precincts was only about 50 percent illegal is of no avail, and we think it would be a practical impossibility for the contestant to have proved the facts alleged in his reply. If, however, he could have done so, clearly the burden was upon him to furnish the proof rather than upon the contestee. In the absence of evidence by either party, it is clear that upon the face of the pleadings no legal votes were cast for anybody in these three precincts, and contestant's first ground for reversal cannot be sustained.

The next contention is that the trial Court erroneously overruled contestant's motion for more time within which to examine the stub books and registration lists in Clay County, and to take the testimony of persons who allegedly voted illegally. It appears the stub books in this County had been locked up in the ballot boxes, and contestant's motion to examine same was not sustained until October 11. No date was fixed in this Order, and on October 16 the contestant filed his motion for additional time. With this motion he filed a lengthy affidavit in which he set out that he had found large numbers of unregistered persons who had voted and large numbers of Democrats who were permitted to vote in the Republican primary. He specified particular precincts and numbers, but he did not set forth the name of a single illegal voter.

It is, of course, a settled rule that under our primary contest statute, KRS 122.020, a contestant must give the names of the voters whose ballots are questioned. Hogg v. Caudill, 254 Ky. 409, 71 S.W.2d 1020; Brock v. Williams et al., 260 Ky. 569, 86 S.W.2d 324. Assuming that under the peculiar facts shown in this case the contestant would have been permitted to amend his petition in spite of the rule in Bennett v. Cavanah et al., 300 Ky. 655, 190 S.W.2d 17, he did not attempt to do so, and he has not to this day, by affidavit or otherwise, given the name of a single illegal voter in Clay County.

Although the Court allowed him five days to examine the stub books and to further prepare his contest, he did not present to the Court any specific names of voters whose ballots were questioned. It thus appears at this late date (with the election only two weeks off), the contestant is still on a fishing expedition. The trial Court, which has had before it the entire recount and contest proceedings from the beginning, should have some discretion in determining whether or not the interests of justice, and the probability that contestant would be able to establish his additional grounds, required the granting of additional time. Upon the record before us, we think the Court properly overruled the motion and dismissed the contestant's petition.

The judgment is affirmed.

LATIMER, J., dissents on the ground that since the contestant had been, without

his fault, deprived of the right to examine the stub books in Clay County until his motion was sustained on October 11, he should have been granted additional time to procure and set forth the names of those illegal voters whose votes he wished to question.

COMBS, J., not sitting.