Ellis RAGAN, Appellant,

v.

Joe BURNETT, Appellee.

Court of Appeals of Kentucky.

Oct. 3, 1957.

C. Homer Neikirk, Somerset, for appellant.

Fritz Krueger, Somerset. for appellee.

CLAY, Commissioner.

This is a primary election contest involving the nomination of a Republican candidate for sheriff of Wayne County. The issue presented is the alleged illegality of all absentee ballots cast. The trial court dismissed the plaintiff appellant's complaint on the ground that he had failed to list the names of the voters casting the absentee ballots, and on the additional ground that he had failed to show prejudice.

Plaintiff's complaint attacks the constitutionality of the absentee ballot law (KRS 126.140 through 126.990), but this claim is not pressed on the appeal.

The principal question before us is whether or not it is necessary to name specifically each of the voters casting absentee ballots when the ground of contest is that every absentee ballot is illegal and invalid by reason of noncompliance with the provisions of the statute, KRS Chapter 126, and because of irregularities in the absentee voting. This question has not heretofore been directly decided.

■ It is admittedly the general rule in this jurisdiction that in a primary election contest charging the illegality of votes the contestant must allege specifically the names of voters whose ballots are questioned. Brock v. Williams, 260 Ky. 569, 86 S.W.2d 324; Stivers v. Lewis, Ky., 243 S.W.2d 36.

■ However, it is not always necessary to name specific voters when an election is being contested. Thus the names of particular voters are not of significance in a suit claiming violation of the Corrupt Practices Act, KRS 123.010 et seq. Goad v. Jackson, 270 Ky. 92, 109 S.W.2d 17. Nor where the entire election is challenged. Taylor v. Neutzel, 220 Ky. 510, 295 S.W. 873; Herald v. Turner, 237 Ky. 827, 36 S.W.2d 623.

We have in the proper case disregarded all of the votes in a precinct where more than 20 percent of the total vote therein was shown to be illegal. Smith v. Jones, 221 Ky. 546, 299 S.W. 170. Obviously the names of individual voters are unimportant when an entire unit of votes of a particular class is nullified. It is then immaterial how any person in that class cast his vote, and naming some or all of the voters would serve no purpose.

■ A comparable situation is presented here. Absentee voting is entirely separate and distinct from the regular voting on election day. The right to vote by absentee ballot is a special privilege granted by the legislature, exercisable only under special and specified conditions to insure the secrecy of the ballot and the fairness of voting by persons in this class. The absentee vote is completely separable from the general vote. If the procedures for conducting this phase of the election are violated to such an extent that a substantial number of votes cannot properly be counted, regardless of the candidate for whom the votes were cast, then the entire absentee vote, as a unit and as in the case of a precinct, should be disregarded.

In Warren v. Rayburn, Ky., 267 S.W.2d 720, we affirmed a judgment of the lower court declaring illegal and void all of the absentee votes cast in a general election. We there applied the principle that the irregularities constituted a breakdown of that part of the system in this particular election, and the failure of the machinery carried with it all of the absentee ballots, even though admittedly some were valid.

■ We see no reason why this principle should not be applied to a primary election. All elections must be free and equal and fair. If the separable class of absentee votes is so infected with illegality that we cannot reasonably determine the elective force of those votes, then all of them are nullified. We have this day so decided in Crowe v. Emmert, Ky., 305 S.W.2d 272.

Having reached this conclusion, no reason is apparent why the voters should be named in the complaint. The attack is upon the absentee voting methods followed, not upon specific voters or specific votes. Of course under the allegations of the ·complaint in this action, it would be incumbent upon the contestant to prove such irregularities as would void all of the absentee ballots.

Upon consideration of the complaint, we find it does contain sufficient allegations which, if proved, would invalidate all of the absentee ballots. The failure to list the names of the absentee voters did not constitute cause for dismissing the complaint.

We do not believe that the other ground of dismissal, failure to show prejudice, was established. The complaint, which must be read as a whole, shows clearly that the result of the election would be ·changed and the contestant would be the successful candidate if the absentee ballots are not counted.

The trial court erroneously dismissed the plaintiff's complaint, and the judgment is reversed.

BIRD, J., dissents on the ground that there were no allegations that the defendant participated in, or may be charged with any irregularities affecting the absentee votes.