Clarence E. HODGES, Appellant,

v.

Joe F. HODGES, Successor to Carl E. Jordan, Sheriff, et al., Appellees.

James B. SEARCY, Appellant,

v.

Joe F. HODGES, Successor to Carl E. Jordan, Sheriff, et al., Appellees.

J. T. FLOWERS, Appellant,

v.

Carl E. JORDAN, Sheriff, et al., Appellees.

Tom FRIEDLI, Appellant,

v.

Carl E. JORDAN, Sheriff, et al., Appellees.

Court of Appeals of Kentucky.

April 25, 1958.

As Extended on Denial of Rehearing June 20, 1958.

Leland H. Logan, Bowling Green, Cleon K. Calvert, Pineville, for Clarence E. Hodges and James B. Searcy.

August Winkenhofer, Jr., Bowling Green, Farnsley, Hottell & Stephenson, Louisville, for J. T. Flowers and Tom Friedli.

Parker W. Duncan, Duncan & Huddleston, Bowling Green, for appellees.

MONTGOMERY, Judge.

These appeals are from a judgment dismissing the actions of appellants contesting the results of local option elections in Bowling Green and in Warren County. The elections were held on September 17, 1957, and resulted in majorities of 200 votes in the city and 1,849 votes in the county in favor of prohibition.

Clarence E. Hodges and James B. Searcy filed separate actions on October 10, 1957, the former contesting the result of the city election and the latter, the county election. J. T. Flowers and Tom Friedli also filed separate actions on October 17, 1957, contesting the city election and county election, respectively. The grounds of contest in all the cases are es-

sentially the same. It is alleged that illegal votes were cast by: (1) persons not signing the comparative signature books; (2) persons actually registered but who should have been purged; (3) persons of improper age; (4) persons residing elsewhere than in Bowling Green or Warren County, or who had not resided the required length of time in the precincts in which they voted; (5) persons physically handicapped who voted elsewhere than in the presence of the election officers; and (6) persons so intimidated and coerced that they failed to vote according to their own free will. In addition, it was alleged that the election officers in certain named precincts failed to take or subscribe to the prescribed oath and ballots were not signed. None of the petitions alleged the names of the illegal voters. There was no allegation that the votes cast by illegal voters would have affected the election results. Each complaint asked a judgment declaring that no valid election was held.

On October 22, 1957, appellees in each case moved to dismiss for failure to state a cause of action and to strike each paragraph for failure to name the alleged illegal voters. On October 24, 1957, the motions were heard together. The motions to dismiss were sustained and the petitions were dismissed for failure to state a cause of action, in that the names of the illegal voters were not alleged. It was further held that the requirements concerning the duties of the election officers and the sanctity of the polling areas, if violated, were directory only and not mandatory.

The appellants requested, and were granted, until November 1, 1957, in which to amend. Amended petitions were tendered on October 31, 1957. Friedli and Flowers incorporated the names of alleged illegal voters in their amended pleadings, while Hodges and Searcy attached their lists as appendices. The amended pleadings also contained the names of the election officers who allegedly had not been properly sworn. Printed cards used at the polls were filed as exhibits. Appellants' motions to file the

amended pleadings were overruled and the petitions were dismissed on November 8, 1957. The trial court gave as the reason for denying the filing of the amended petitions that they were attempts to set out new and additional causes of action as prohibited by KRS 122.070.

The Searcy and Hodges cases have been consolidated, as have the Flowers and Friedli cases. The appeals are considered together since common questions are determinative. Two fundamental propositions are presented: (1) whether the petitions stated good causes of action; and (2) whether the amended pleadings should have been filed.

■ The result of a local option election may be contested in the same manner as provided for a contest of a general election under KRS 122.070 through 122.100. KRS 242.120; Widick v. Ralston, 303 Ky. 373, 197 S.W.2d 261, 198 S.W.2d 56. The procedure for the contest of a general election, as provided in KRS 122.070, is in part as follows:

"The petition shall be filed and process issued within thirty days after the day of election; it shall state the grounds of the contest relied on, and no other grounds shall afterwards be relied upon."

■ The established rule is that where the casting of ineligible or illegal votes constitutes a ground of contest, the pleader must name in the pleadings those persons whose votes are questioned. Gross v. West, Ky., 283 S.W.2d 358; Stieritz v. Kaufman, 314 Ky. 10, 234 S.W.2d 145; Johnson v. May, 305 Ky. 292, 203 S.W.2d 37; Widick v. Ralston, 303 Ky. 373, 197 S.W. 2d 261; 303 Ky. 395, 198 S.W.2d 56; Karloftis v. Helton, 297 Ky. 463, 178 S.W.2d 959, certiorari denied 322 U.S. 713, 64 S. Ct. 1269, 88 L.Ed. 1555; Jackson v. Bolt, 292 Ky. 503, 166 S.W.2d 831; Hogg v. Caudill, 254 Ky. 409, 71 S.W.2d 1020.

Appellants attack this rule and insist that since the adoption of the Civil Rules of Practice and Procedure it should no longer be necessary to name the illegal voter in order to state a good cause of action in an election contest. In support of their position, they cite CR 8.01, providing that "A pleading * * * shall contain * * * a short and plain statement of the claims showing that the pleader is entitled to relief * * *", and CR 8.05, providing that "Each averment * * * shall be simple, concise, and direct. No technical forms * * * are required." It is insisted that the established rule is contrary in spirit and substance to the Civil Rules and the contention has support in Lunsford v. Culton, 23 S.W. 946, 15 Ky. Law Rep. 504; Tunks v. Vincent, 106 Ky. 829, 51 S.W. 622; and Weller v. Muenninghoff, 155 Ky. 77, 159 S.W. 632.

In those cases, the grounds of election contests were stated generally and without stating the names of questioned voters. In each of those cases, no objection seems to have been made and the contests were determined without the pleadings having been made more specific. However, this situation was noted and those cases are not authority in support of the liberal rule of pleading contended for by appellants.

The rule that prevailed in such cases was stated in the Lunsford case and quoted in Francis v. Sturgill, 163 Ky. 650, 174 S.W. 753, 762, as:

"A notice of a contest, because of illegal votes being cast for the one party or the other, while it should be required to be made more definite, if objection is made in proper time, is sufficient if parties see proper to make an issue without objection, and proceed to investigate the case."

The rule also was approved in Siler v. Brown, 215 Ky. 199, 284 S.W. 997, 1001.

In none of the early cases did the Court lose sight of the requirement that the names of the illegal voters should be stated, but the attitude was expressed in the Siler case, thus: " * * * if these parties were con-

tent to prepare and try this case in this indefinite form, they had a right to do so." Each of the cases recognized, as was held in the instant cases, that upon proper objection the names must be alleged and that a failure to allege in proper time renders the pleading defective. The Francis case was quite similar in many aspects to the present cases, and the same rule prevailed then. Thus, the requirement that the illegal voters shall be named has become a fundamental rule controlling the pleadings in an election contest proceeding.

The initial rule of the Civil Rules expressly excludes the " * * * procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict * * *" from the application of the rules, including CR 8. It, therefore, is concluded that the established rule has become so firmly embedded as a part of the election contest procedure provided by statute that it is excluded from the application of CR 8.

Other cases relied on by appellants are distinguishable. In Herald v. Turner, 237 Ky. 827, 36 S.W.2d 623, the sole ground of contest concerned the alteration of a certificate by the precinct officers. Taylor v. Nuetzel, 220 Ky. 510, 295 S.W. 873, dealt with a fraudulent conspiracy and actual or threatened violence. The recent cases of Crowe v. Emmert, Ky., 305 S.W.2d 272, and Ragan v. Burnett, Ky., 305 S.W.2d 759, are urged as authority for excusing the failure to name the voters. Both cases concerned violations of the statute granting the privilege of voting to absentees. The basis of the decisions in those cases was that the separate class of absentee votes was so infected with illegality from a failure to observe the mandatory provisions of the statute common to all such votes, the elective force of those votes could not reasonably be determined. Warren v. Rayburn, Ky., 267 S.W.2d 720. Additionally, in the Crowe case, the names of the questioned voters were alleged. An election contest based on a violation of the Corrupt Practices Act is similar. Goad v. Jackson, 270 Ky. 92, 109 S.W.2d 17.

■ The entire election was challenged because of the alleged irregularities concerning the officers' oath, signature books, failure to sign ballots, and intimidation. The general rule is that an election will not be invalidated or voters deprived of their right of suffrage by mere irregularities which do not affect the fairness and equality of the election. Burchell v. Smith, Ky., 262 S.W.2d 365, and collected cases therein.

■ The failure of election officers to subscribe to the oath has been held insufficient to invalidate an election. Smith v. Combs, 310 Ky. 755, 221 S.W.2d 672; Schaffield v. Hebel, 301 Ky. 358, 192 S.W.2d 84; Pratt v. Breckinridge, 112 Ky. 1, 65 S.W. 136, 66 S.W. 405. See also 18 Am. Jur., Elections, Section 38, page 205.

■ The petitions filed alleged that the comparative signature statute was not complied with and that the entire vote should be discarded. The manner or extent of noncompliance was not alleged. Reliance is placed on Gross v. Helton, Ky., 267 S.W.2d 67, wherein it was held that compliance with this statute is mandatory. Also see Wilkinson v. Queen, Ky., 269 S.W.2d 223, and Ky., 274 S.W.2d 487. An examination of the record in the Gross case shows that the names of the offending voters were alleged; consequently, the question here raised was not presented. The petitions here involved contain no allegations as to names or numbers of voters or percentages of illegal votes. The failure to sign the comparative signature book renders the voter ineligible to vote, but it does not relieve the contestant of the necessity of alleging the name, as in any other case of ineligibility. The same conclusion governs the failure to sign ballots. The descriptive references in appellants' briefs to the alleged means of intimidation and coercion do not appear sufficient to have produced any so-called "brain-washing" or to have intimidated or coerced any voter. Again,

the name of no voter so affected was alleged.

By amendment, appellants sought to perfect their respective causes of action. They argue that the trial court erred in denying them the right to file amendments. In summary, their arguments are: they reserved the right to amend in their original pleadings; the trial court granted leave to amend by memorandum opinion; any plaintiff has the right to amend his complaint prior to the filing of a responsive pleading; and in an election contest case, the contest petition may be amended after the contest period has expired in order to make it more definite, perfect, and certain, to correct a mistake, and in the furtherance of justice.

■ The original petitions were dismissed after the expiration of the period in which to state the grounds of contest prescribed by KRS 122.070. The statute specifically prohibits the reliance on any other grounds stated after the expiration of the term fixed. In view of the statutory prohibition, the time to state grounds of contest cannot be extended by reservation of party or by permission of the court. Neither has any authority to enlarge the period fixed by the General Assembly. The statute overrides CR 15.01, when the statutory period has expired. CR 1.

■ The petitions were dismissed for failure to state a cause of action. Without the names of the voters, no cause of action was stated. The addition of the names by amendment, in effect, would be stating a cause of action for the first time. The statute contemplates that a good cause of action shall be stated within the prescribed period. Unless a good cause of action has been stated in the 30-day period, the petition cannot be revitalized by amendment thereafter. Each of the authorities cited by appellants recognizes that a new or additional ground of contest may not be asserted after the statutory period has expired. There is no quarrel with the authorities cited by appellants insofar as they permitted an amendment to a petition which stated a good cause of action in order to make allegations more definite, to correct a mistake, or in the furtherance of justice. The trial court was correct in refusing to permit the filing of amendments.

■ Appellees complain that the trial court stayed the effective date of prohibition, pending the final determination of the appeals. No cross-appeal was taken from the ruling, and its correctness will not be considered at this time.

■ There is no deprivation of substantial right or denial of due process or equal protection to the appellants contrary to the Fourteenth Amendment of the United States Constitution.

Judgment affirmed.