**Robert DURR et al., Appellants,**

**v.**

**WASHINGTON COUNTY, Kentucky, et al.,
Appellees.**

Court of Appeals of Kentucky.

Oct. 14, 1960.

Sam Cooper Hill, Lebanon, for appellants.

Charles E. Montgomery, H. M. Grigsby, Springfield, for appellees.

PALMORE, Judge.

On May 24, 1960, an election was held in Washington County School District to approve or disapprove the levy of a special school building tax as provided by KRS 160.477. The board of election commissioners certified the vote to be 845 for and 835 against. This action, brought pursuant to KRS 122.140, contested the election and demanded a recount of the votes.

The grounds for contest as alleged in the complaint may be summarized as follows: (1) that the board of education "improperly certified" the question and the order of the fiscal court calling the election "was erroneous"; (2) that the question was "improperly advertised" and "improperly placed on the ballot"; and (3) that illegal votes were cast in sufficient numbers to invalidate the election.

In support of a recount it was alleged, inter alia, that the count included improperly marked ballots and was mathematically in error, the correct outcome being adverse to the proposed tax.

More than thirty days after the election plaintiffs tendered an amended complaint naming the allegedly ineligible voters and charging that in certain named precincts the number of votes cast exceeded the number of voters who had signed the comparative signature books. The court refused to permit the filing of this amendment.

After the filing of motions to dismiss and an answer the complaint was dismissed on the pleadings. Hence this appeal.

■ The distinction between a contest and a recount was thoroughly reviewed in Hogg v. Howard, Ky.1951, 242 S.W.2d 626. Though a different statute, KRS 122.140, is involved in the case now before us, the principles are the same. A simple allegation that the votes were miscounted, thereby affecting the result of the election, is a sufficient "reason for requesting a recount." Therefore, the complaint stated a cause of action in that respect and the court erred in dismissing it. Pace v. Reed, 1910, 138 Ky. 605, 128 S.W. 891, was practiced under rules applicable to contests and, in view of Hogg v. Howard, supra, is not applicable to recount proceedings specifically authorized as such under the statutes in force since 1930.

As to the contest, the trial court relied largely on Hodges v. Hodges, Ky.1958, 314 S.W.2d 208, and other decisions to the effect that where the casting of illegal votes is a ground of contest the names of those whose votes are contested must be set forth in the complaint. See also Gregory v. Stubblefield, Ky.1958, 316 S.W.2d 689.

The contest in the Hodges case was governed by KRS 122.070, which provides that the suit must be commenced within 30 days after the day of the election, that the complaint shall state the grounds of contest, and that "no other grounds shall afterwards be relied upon." In the Gregory case the statutory authority was KRS 122.-020, which provides that no ground of contest "shall be filed or made more definite by amendment after the expiration of the time allowed * * * for filing the original pleading." Thus it is clear that in those cases the rule requiring the naming of those whose votes are contested was of vital importance because of the restriction against curing the omission by an amendment filed after expiration of the time for initiating the contest. Since, however, KRS 122.140 contains no such restric-

tion we are required to determine whether and to what extent the grounds for contest set forth in a complaint filed pursuant to that section may be amended after expiration of the time for original filing.

■ It appears to be the better rule in election contest cases that pleadings cannot be amended to introduce new grounds of contest after expiration of the time for filing the original pleading. 29 C.J.S. Elections § 270b, p. 386. That rule is in accordance with the legislative policy expressed in KRS 122.020 and KRS 122.070. We have no reason to believe that the omission to write it specifically into KRS 122.140 actually evinced a legislative intent that the rule be different under that statute, and there is much to be said for uniformity. We therefore conclude that the rule should be the same under KRS 122.140 as it is under KRS 122.070, to the effect that a party may at any time amend his pleadings (subject, of course, to the civil rules of practice) so long as he does not set up a new ground of contest. See Brandenberg v. Hurst, 1942, 290 Ky. 592, 162 S.W.2d 223.

It has been held under both KRS 122.020 and KRS 122.070 that the addition of names in support of an allegation that illegal votes were cast is tantamount to stating new grounds. Kash v. Hurst, 1920, 189 Ky. 233, 224 S.W. 757; Widick v. Ralston, 1946, 303 Ky. 373, 197 S.W.2d 261, 198 S. W.2d 56; Johnson v. May, 1947, 305 Ky. 292, 203 S.W.2d 37, 40 (expressly overruling Hodges v. Murray, 1931, 240 Ky. 127, 41 S.W.2d 923). The latter cases by necessary implication overrule Siler v. Brown, 1926, 215 Ky. 199, 284 S.W. 997. Again, we see no reason why the rule should be different under KRS 122.140.

■ Applying the foregoing principles, we are of the opinion that all of the matters alleged in the amended complaint constituted new grounds and were properly rejected as too late. Without the information sought to be furnished by the amendment the complaint failed to state a

cause of action on the ground that illegal votes were cast. Hodges v. Hodges, Ky. 1958, 314 S.W.2d 208.

 The other grounds for contest set forth in the complaint, relating to the actions of the Board of Education and Fiscal Court, the advertisement, and the placing of the question on the ballot, are not included in the enumeration of permissible grounds as set forth in KRS 122.140 and therefore do not state a cause of action. Adams v. Magisterial Dist. No. 5, Perry County, 1934, 254 Ky. 113, 71 S.W.2d 21.

The result is that appellants are entitled to a simple recount of the ballots, and no more.

The cause is reversed and remanded for further proceedings consistent with this opinion.