Norman SIMMONS et al., Appellants,

v.

Thomas M. TAYLOR, Jr., et al., Appellees.

Court of Appeals of Kentucky.

March 6, 1970.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellants.

Henry H. Dickinson, Richardson, Barrickman & Dickinson, Glasgow, James S. Secrest, Scottsville, for appellees.

DAVIS, Commissioner.

The appellants instituted an election contest attacking the validity of the election on November 4, 1969, of certain of the appellees as mayor and members of the board of council for Scottsville. KRS 122.070. The trial court dismissed the action based on failure of the appellant plaintiffs to state a claim upon which relief could be granted. This appeal challenges that judgment of the court.

The appellees have moved that the appeal be dismissed on the ground that appellants have filed in this court an authenticated copy of the circuit court record rather than the "entire original record." This contention is predicated upon the provisions of KRS 122.090 which are:

"Any party may appeal to the Court of Appeals from a judgment entered under KRS 122.070, in the same manner as provided in KRS 122.040, all of the provisions of which statute shall be applicable."

The particular provision of KRS 122.040 relied on by appellees is this sentence in KRS 122.040(1): "The entire original record shall be filed and no designation of record shall be required." The obvious purpose of permitting the original trial court record to be used on appeal in an election contest is to expedite the proceeding. In our view, the filing of an authenticated copy of the circuit court record is substantial compliance with the provisions of the statutes in this respect, particularly in light of the fact that the record was filed in this court December 18, 1969, following the circuit court's judgment entered December 11, 1969. Accordingly, the motion of appellees to dismiss the appeal for failure to file the original circuit court record is overruled.

The original complaint, filed in the circuit court November 14, 1969, asserted that a general election to fill the offices of mayor and six members of the board of council in Scottsville was held November 4, 1969. Precincts 1, 2, and 3 in Scottsville were the only precincts at which voters cast ballots in races for those offices. A specific allegation of the original complaint was:

" * * * there were no violations of the election laws in Precincts One (1) and Three (3) in Scottsville, Kentucky, at said election which would impair or destroy the fairness of the election in said precincts and that the votes in said

precincts should be counted in the election, together with the absentee ballots."

The plaintiffs alleged their own candidacies for the offices being contested and their receipt of not less than 25 percent of the number of votes cast for the successful candidates. The exact number of votes received by each candidate in each of the three precincts was set forth in the complaint.

The gist of the original complaint is reflected by this quotation from Paragraph VII of it in which it was stated in part:

"Plaintiffs state that more than 20 percent of the votes cast in Precinct No. 2 in Scottsville, * * * were illegal and that it cannot be determined for whom such votes were cast due to the large number of candidates on the ballot and the confusion of the voters, who will not be able to remember accurately how they voted, and that the entire vote in such precinct should be disregarded and the election in said Precinct 2 be declared null and void and that the election of the candidates for Mayor and Council be determined by the votes cast in Precincts 1 & 3 of the City of Scottsville, Kentucky."

In the following paragraphs of the complaint, the plaintiffs detailed with specificity numerous irregularities and violations of statutory requirements alleged to have occurred in Precinct No. 2. In some instances the alleged violations were said to have affected "more than 20 percent" of the votes cast in the precinct, and in other instances "more than 50 percent" of the votes in the precinct.

In Paragraph IX of the complaint, the plaintiffs incorporated by reference the signature book used at Precinct No. 2 showing the names of all the voters who voted there and asserted that that list contained the names of all the voters whose votes were alleged to be illegally cast. It is not discernible whether that allegation purported to say that every vote in Pre-

cinct No. 2 was illegal, or merely that the list contained the names of any illegal voters who had cast ballots in the precinct.

The complaint then alleged that by disregarding the votes in Precinct No. 2, and considering only the votes cast in Precincts 1 and 3, the plaintiffs would prevail. The prayer of the complaint was that the votes cast in Precinct No. 2 be declared null and void and that the plaintiff be declared winners in their respective races, based on the results of the election in Precincts 1 and 3.

Before any responsive pleading was filed to the original complaint, the plaintiffs filed an amended complaint on November 17, 1969, naming three additional plaintiffs (successful candidates for councilmen) and three additional defendants (unsuccessful candidates for councilmen). The amended complaint alleged in part:

"* * * that the election officers in precincts 1 & 3, as well as in precinct 2 violated the provisions of Kentucky Revised Statutes 125.140, sub-section 2, 118.-330 and 125.150 * * * as set forth in [the original complaint] in such a manner as to cause illegal votes to be cast in all three precincts and as a result thereof the fairness of the election in precinct 2 was completely destroyed and all votes cast in precinct 2 should not be counted and all illegal votes cast in precincts 1 and 3 should not be counted, and state that if said illegal votes in said precincts are not counted all the plaintiffs would be elected, and all of the defendant candidates would be defeated."

There was no allegation in the amended complaint of the name or names of any voter or voters claimed to have voted illegally, nor any statement as to the percentage of said illegal voters who cast ballots in Precincts 1 and 3. Neither was there any averment that any of the allegedly illegal voters voted for the successful candidates nor any claim that the plaintiffs were unable to determine the names of illegal voters and how they voted. In its prayer the amended complaint sought judg-

ment declaring null and void all votes cast in Precinct 2 and all votes illegally cast in Precincts 1 and 3. The prayer concluded with request for judgment declaring that the plaintiffs were the successful candidates for the offices in question.

On December 2, 1969, the members of the Allen County Election Commission, defendants along with the candidates, moved the court to strike various portions of the complaint as amended and to dismiss the action for failure to state a claim upon which relief could be granted. Before the court ruled on that motion, and on the same day, December 2, 1969, the plaintiffs handed to the circuit clerk a second amended complaint. No process was requested or issued on the second amended complaint until December 6, after the statutory period of thirty days had expired. No copy of the second amended complaint was served upon adverse parties nor did plaintiffs seek leave of court to file the second amended complaint, as provided by CR 15.01. On December 3, 1969, the candidate defendants filed a motion and answer seeking dismissal of the action for failure of the complaint and first amended complaint to state a claim for relief. The motions were noticed for hearing on December 11, 1969.

On December 5, 1969, the contestees moved the court to strike the second amended complaint from the record because of the failure to comply with CR 15.-01 relating to permission to file it and, alternatively, sought dismissal of the second amended complaint as an attempt to assert a new ground of contest and for failure to state a claim upon which relief could be granted. On December 5, 1969, the plaintiffs moved the court for permission to file the second amended complaint which had been tendered to the clerk on December 2.

On December 11, 1969, the court ordered the second amended complaint stricken because it was filed without leave of court and for the additional reason that it attempted to assert new grounds for the

election contest in contravention of KRS 122.070. In the same order the court dismissed the original and first amended complaints for failure to state a claim for which relief could be granted.

■ It is patent that the original complaint, which sought to change the result of the election by disregarding the votes cast in Precinct No. 2 because allegedly more than 20 percent of the voters in the precinct were illegal, failed to state a claim upon which relief could be granted. In Watts v. Fugate, Ky., 442 S.W.2d 569, decided June 6, 1969, it was held:

· ."We hold that the 20% rule can be applied only to an entire election, and not to any separate precinct or precincts constituting less than the entire political unit involved in the election for the office in question. The cases holding otherwise are overruled." Id. 442 S.W.2d at 573.

■ It is also plain that the first amended complaint, whether considered by itself or in conjunction with the original complaint, failed to state a claim upon which relief could be granted. There was a complete failure in it to assert the names of allegedly illegal voters in any of the three precincts. Neither is there any claim that the aggregate of illegal votes in the three precincts equaled 20 percent of the total votes cast in the election, nor any assertion of the impossibility of determining the identity of the claimed illegal voters. Therefore, as respects the allegations contained in the original and first amended complaints, the court correctly ruled that the contestants had failed to state any claim entitling them to relief.

In regard to the second amended complaint, the trial court, in ordering it stricken, recited in the final order and judgment:

"That the plaintiffs' second amended complaint should be and is hereby stricken for the reason that it was filed without leave of Court in violation of CR 15,

and the Court further finds that had the second amended complaint been properly filed, it would have to be dismissed because it is an attempt by the plaintiffs to rely on new grounds for their election contest in contravention of KRS 122.070. See Durr vs. Washington Co. [County, Ky.,] 339 S.W.2d 444.

The pertinent portion of KRS 122.070 respecting the time for filing a contest is:

"The petition shall be filed and process issued within thirty days after the day of election; it shall state the ground of the contest relied on, and no other grounds shall afterwards be relied upon."

■ It seems clear that the trial court was in error when it held that had the second amended complaint been properly filed it would have to be dismissed because it relied on new grounds for the contest. In Adams v. Helton, 296 Ky. 9, 175 S.W.2d 1012, it was plainly written that in an election contest filed pursuant to KRS 122.070 the petition may be amended within the thirty-day period even by setting up new and additional grounds of contest. In support of that holding, in a well-considered opinion, Chief Justice Fulton wrote for the court:

"The conclusion of the whole matter is that the word 'afterwards' in the statute under consideration has reference to the end of the thirty day period provided for filing contests and not to the time of filing the petition. Reason and logic support the conclusion. The sole purpose of the controversial language is to accelerate the trial of election contests and, since a contestant has thirty days after the day of election within which to file his petition, the purpose behind the statute would not be effectively served by limiting the time for filing amendments to a shorter period than that in which the original contest petition could be filed. In any event, it is apparent that all cases considering the controversial language have either directly or by im-

plication regarded it only as limiting the right to file amendments setting up new grounds to the thirty day limitation period for filing contests." Id. 175 S.W.2d 1014.

The critical question is whether the second amended complaint was "filed" within the thirty-day statutory period. Since no process was issued on that pleading, it was not "filed" within the requirement of KRS 122.070, unless it could be deemed that provisions of the civil rules obviated the necessity for obtaining process on the second amended complaint. CR 5.01 directs that every pleading subsequent to the original complaint be served upon opposing parties with certain exceptions not here pertinent. It is observed in Clay, CR 4.01, Author's Comment 7, page 19:

"No new summons is required upon an amended complaint for those who are parties to the suit. This is true even if a new or additional claim is asserted against a party, unless he is in default for failure to appear."

But, the appellants did not serve the second amended complaint upon the adverse parties; neither did they seek leave of court to file the amendment as provided by CR 15.01 until the thirty-day period had expired. It will be observed that CR 1 provides that the civil rules do not govern procedure and practice in any special statutory proceeding to the extent that the rules are inconsistent or in conflict with the procedure and practice provided by the applicable statute. In Hodges v. Hodges, Ky., 314 S.W.2d 208, cert. den., 358 U.S. 894, 79 S.Ct. 156, 3 L.Ed.2d 121, the court held that KRS 122.070 "overrides CR 15.01, when the statutory period has expired. CR 1." Id. 314 S.W.2d 213. When the court considered the matter of amended pleadings in election contests in Durr v. Washington County, Ky., 339 S.W.2d 444, it was written:

"We therefore conclude that the rule should be the same under KRS 122.140 as it is under KRS 122.070, to the effect that a party may at any time amend his pleadings (subject, of course, to the civil rules of practice) so long as he does not set up a new ground of contest." Id. 339 S.W.2d 445.

Whether the filing of the second amended complaint is gauged by the civil rules or by the statutory provision without reference to the civil rules, the result is the same.

.. █ As we construe KRS 122.070, it provides a limitation of thirty days for asserting a ground of election contest. There is nothing in the statute inconsistent or in conflict with the civil rules, so long as the grounds of contest are presented within the thirty-day period. It follows that the civil rules are applicable. Since there was no service of the second amended complaint, nor any motion for leave to file it within the thirty-day period, it was not timely filed. Nothing that occurred after the limitation period could breathe life into it. Cf. Shackleford v. Barnette, Ky., 445 S.W.2d 449, decided September 30, 1969.

The judgment is affirmed.

All concur.