Ovia James HOLLON, Movant,

v.

Thelma Watkins HOLLON, Respondent.

Supreme Court of Kentucky.

Nov. 24, 1981.

John C. Anggelis, Lexington, for movant.

Thomas J. Roberts, Middlesboro, for respondent.

CLAYTON, Justice.

This is an appeal from a Breathitt Circuit Court decree which entered a dissolution of marriage, awarded maintenance, and divided the property of the parties. The movant, Ovia James Hollon, contends that both the property division and maintenance award were unsupported by the findings of fact and should be reversed. The respondent, Thelma Watkins Hollon, argues by cross-appeal that the maintenance award was just, but the property division was inequitable and requires a remand. The Court of Appeals found sufficient facts in the record to support the trial court's decree and affirmed. We reverse.

Both parties complain of the perfunctory manner in which the trial judge made his findings of fact and disposed of the marital property. Despite their dissatisfaction, nei-

ther party, by motion or written request, asked the trial judge for more definite findings. Ordinarily a party's failure to bring this matter to the trial court's attention would prevent this court from giving relief under CR 52.04. However, CR 1 has defined the scope of the Civil Rules and states:

(2) These Rules govern procedures and practice in all actions of a civil nature in the Court of Justice except for statutory proceedings, in which the procedural requirements of the statute shall prevail over any inconsistent procedures set forth in the Rules.

■ KRS 403.130(1) complements CR 1 by making the Civil Rules applicable to all divorce proceedings "except as otherwise provided in this chapter." Thus, the failure of the parties to request complete findings of fact is not fatal to their appeals because the trial judge did not comply with the procedural requirements of this statutory proceeding.

■ The trial judge's only reference in his findings of fact to the parties' property was the bare statement:

4. The Court finds that they have accumulated certain property which is hereinafter divided.

No mention of the property division or maintenance award was made in the trial judge's conclusions of law. Although the judgment described the property to be divided and its recipient, only a portion of the marital property was valued. We think KRS 403.190 requires the trial judge to do more when distributing marital property. The statute clearly requires that non-marital property be separated and marital property divided in "just proportions" after considering all factors, including those enumerated in the statute. The trial judge also must find the facts and state them specifically in accordance with CR 52.01. When the statute and rule are not complied with, it is inappropriate for this court to search the record and to make findings which the trial judge was required to do.

■ Because a maintenance award is dependent, in part, on the amount of property owned by the needy spouse, the main-

tenance award must be vacated pending compliance with the property distribution statute. Moreover, we do not think that the trial judge adequately complied with the standards for awarding maintenance found in KRS 403.200. The statute requires that certain factors be considered when determining whether maintenance should be granted and, if it is granted, in what amount and for what duration. The trial judge, in his findings of fact, merely stated that the wife presently was unable to work and the husband was working. Like the trial court's property distribution decree, the findings of fact are not complete and specific enough to allow this court to pass upon the propriety of the maintenance award, nor do they allow us to know whether the trial judge complied with the statute's mandatory provisions.

We, therefore, vacate the judgment of the Breathitt Circuit Court regarding the property distribution and maintenance award, and remand the case for findings and conclusions as required by KRS 403.190 and KRS 403.200.

All concur except STEPHENSON, J., who dissents.

STEPHENSON, Justice, dissenting.

An opinion that has as its authority CR 1(2), Scope of Rules, is an opinion to be reckoned with. I always thought the "special statutory proceedings, in which the procedural requirements of the statute shall prevail over any inconsistent procedures set forth in the Rules" applied to statutory proceedings such as election contest cases, *Hodges v. Hodges*, Ky., 314 S.W.2d 208 (1958), and the like, not to domestic relations cases that do not conflict with the Civil Rules.

The majority opinion has an internal contradiction. After citing CR 1(2) and finding this divorce proceeding is a special statutory proceeding and inconsistent with the Civil Rules, the opinion then cites KRS 403.-130(1), which makes the Civil Rules applicable to all divorce proceedings "except as otherwise provided in this chapter." Nowhere in the majority opinion is there cited

the inconsistency with this "special statutory proceedings" which would make the Civil Rules inapplicable. Also after invoking KRS 403.130(1) there is no showing where the statutes in question provide some other procedure than the Civil Rules.

Reading KRS 403.190 and KRS 403.200, I do not see any language which provides for any other procedure than that contained in the Civil Rules. KRS 403.190 states that the trial court shall assign each spouse's property to him, then shall divide the marital property considering certain factors. There is no mention of the court making findings or directing any special procedure. Thus CR 52.04 should apply here as in other cases. After all, I see no reason why the parties could not waive a statutory right even if another procedure was provided.

CR 52.04 was adopted precisely to avoid situations like the one presented here.

The majority opinion represents a step backward. This court adopted CR 52.04 in 1974 to prevent arguing error in findings where no request to clarify the findings was made. We also adopted in 1974 RCr 9.54 requiring specific objections to instructions before the question can be heard on appeal. All of this is in accord with the contemporaneous objection rule applied generally. After all even constitutional rights can be waived by not objecting. We say generally we will not hear an argument that the trial court erred unless the trial court had an opportunity to pass upon the question.

The majority opinion is not logical in its reasoning, and the result is a real mischief maker for the future.

Therefore, I dissent.