## Smith v. Combs et al.

June 24, 1949.

756

J. B. Eversole for appellant.

Gilford Boleyn for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellant, Norman C. Smith, contested the election of the appellee, Estill Combs, as a member of the Board of Education of Perry County in November, 1948. On the face of the returns Combs received a plurality of 84, but on a recount this was reduced to 81 votes. The circuit court dismissed the contest.

The appellant has ignored several rules of this court relating to the preparation of briefs. He has not stated a classification of the questions involved or points upon which his appeal is based. It is difficult to extract them from the body of the discursive brief. Likewise, great complaint is made concerning various conditions claimed to have been proved but with few exceptions no reference is made to the pages of the record which support each assertion. Rule 1.340. Only the importance of an early decision restrains us from setting aside the submission and directing that a brief be filed that will conform to the rules. We confine ourselves to a statement of our conclusions on what the appellant seems to regard as the "vital questions" to be decided.

(1) The contestant failed to file a reply to the counter-contest. Whether or not the appellee waived the reply by taking proof and otherwise is a wholly irrelevant question. The trial court did not consider the counter-contest as he found the contestant did not make out a case. We are of the same opinion.

(2) The appellant contends there was fraud in the selection and qualification of two officers of election in precinct No. 17 and in those officers permitting illegal votes to be cast to such an extent that the court must declare no election was held in that precinct.

Two of the appointed election officers did not serve. One procured his wife and the other Alfred Napier to serve as their substitutes. The appellant argues vigorously and voluminously that Napier had lost his right to vote and to hold the office because he had moved to Florida and had not been back in Kentucky for one year. The evidence that Napier had lost his right to suffrage is not convincing. It does not appear that the substitute election officers were appointed by the other duly appointed officers as prescribed by KRS 116.130, but they served as de facto officers, acting in good faith, and this irregularity did not invalidate the election. Schaffield v. Hebel, 301 Ky. 358, 192 S. W. 2d 84.

The additional claim of fraud in holding the election in precinct No. 17 consists in the main in the voting of fifty or more people who, the appellant contends, live outside the precinct. The lines of the precinct were established many years ago. These voters seem to reside on North Fork of Kentucky River opposite the mouth of Lotts Creek. The several lines described in the orders defining the precinct are quite incomprehensible in themselves and the evidence to which we are specifically directed on this point is of the same obscurity. The appellee, in response, vigorously maintains that the latest change made in the precinct lines, which was some thirty years ago, embraces both sides of the river at this point. It is quite certain that the line has been so regarded for many years, and these people have continued to be registered and to vote in that precinct. Under these circumstances these votes as a block cannot be regarded as illegal. Everman v. Thomas, 303 Ky. 156, op. cit. 167, 197 S. W. 2d 58, op. cit. 65. It appears a few individual votes should have been thrown out, but they are not sufficient to change the result.

(3) We find the evidence far from being sufficient to show a violation of the corrupt practices act by the contestee. The character of evidence seems to have been only that the county school superintendent and

most of the teachers in the district favored Combs over Smith, as did the two substitute election officers.

The judgment is affirmed.