**Ellis RAGAN, Appellant,**

v.

**Joe BURNETT, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1957.

C. Homer Neikirk, Somerset, for appellant.

Fritz Krueger, Somerset, for appellee.

STEWART, Judge.

This is the second appeal of a primary election contest involving the nomination of a Republican candidate for sheriff of Wayne County. See Ragan v. Burnett, Ky., 305 S.W.2d 759.

In the instant appeal, as in the former one, the legality of all the ballots cast by absentee voters in the last primary election in the above county is challenged. Specifically, it is claimed the county court clerk failed to comply with the provisions of KRS 126.190 and that the violation of the requirements of this statute had the effect of voiding all the absentee votes cast.

The portion of KRS 126.190 applicable to this case reads: "The county court clerk, after the ballots for an election have been printed, shall take the book of ballots and stubs for each precinct in which there are voters who have applied for absent voter's ballots and, commencing with the first ballot in the book, shall write the names and addresses of such absent voters on the primary stubs of the ballots, and across such stubs shall write the words, 'Absent Voter.' In the case of primary elections, the clerk shall use the ballot books in which are contained the ballots of the political party with which the particular voter is affiliated. After having made the entries above required, the county court clerk shall remove the ballots from the book, with the secondary stubs attached, and shall send the ballots of each voter to the address given by him in his application, the ballot sent to each voter to correspond with the number on the stub on which such voter's name is written. * * *"

The clerk departed from this statute in this manner. He caused to be printed sometime in April of this year six books of ballots which were to be used exclusively for supplying absentee voters with ballots. Only six books were printed because there were six magisterial districts in which magistrates, and perhaps constables, were engaged in a contested race. These six books were retained throughout by the clerk in his office. No ballots of course were removed from the regular ballot books sent to each voting precinct when the pri-

mary election was held. Nor were any notations of any character inscribed on the primary stubs of these regular ballots.

The clerk stated his reason for having special ballot books printed was in order ·to send ballots to absentee voters up to 10 ·days before the election as provided by KRS 126.150, the inference being he could not render this service from the regular ballots as the day of any election drew near.

In conformity with KRS 126.180 the clerk ·did, however, prepare for each precinct, and ·thereafter deliver to the precinct election ·officers, a list of the names of all voters of ·that precinct to whom he had sent absent ·voters' ballots.

The contention is made by appellee, Joe Burnett, that the clerk's observance of KRS 126.180 in preparing and sending out a list of the absentee voters to each precinct excused his failure to live up to the requirements imposed upon him by KRS 126.190. Stated otherwise, appellee claims the provisions of KRS 126.190 were substantially met when the acts just mentioned were performed. The trial judge was persuaded by the argument of appellee in this respect and dismissed appellant's amended complaint. The effect of the judgment of dismissal was to name appellee as the Republican candidate for sheriff of Wayne County at the coming general election. We cannot approve the holding of the lower court.

The right to vote by absentee ballot is a special privilege granted by the Legislature which may be exercised only under specified conditions. The method of absentee voting is completely separable from the regular system of voting. We have written that there should be substantial compliance with all the statutory regulations governing absentee voting. See Warren v. Rayburn, Ky., 267 S.W.2d 720. However, where the measures resorted to involve the almost total disregard of all the requisites of a particular statute, the provisions of KRS 126.190 in this instance, we cannot dismiss such irregularities as minor or technical in character. How can it be said a statute has been substantially complied with if practically all its requirements have been ignored?

When the Legislature prescribed the sending out of ballots from the regular precinct ballot books to absentee voters, and directed certain information to be inscribed on the primary stubs of the ballots, it evidently intended such procedures to be an additional means of protecting and preserving the integrity of these ballots. For one thing, it provided a method of checking the names and addresses of absentee voters on the regular ballot stubs against those appearing on the precinct lists. A more important reason for the existence of the statute is that it prevents the clerk from assuming what might develop into arbitrary power over the ballots sent out to absentee voters.

In the light of what has been said, we are of the opinion that all of the absentee ballots cast in the last Republican primary election held for the office of sheriff in Wayne County are invalid because of the failure of the county court clerk to conform to the provisions of KRS 126.190. It is our view that compliance with the terms of this statute is mandatory. When the absentee ballots are eliminated, a count of the regular votes discloses that Ellis Ragan received a majority of those cast. The result of our decision in this case is that appellant, Ellis Ragan, the contestant in this litigation, is entitled to be certified as the Republican nominee for the office in dispute.

Wherefore, the judgment is reversed with directions that it be set aside and a new one entered in conformity with this opinion. The new judgment will direct the election commissioners of Wayne County to execute and deliver unto Ellis Ragan· a certificate of nomination as the Republican candidate for sheriff of Wayne County in the coming general election and will also instruct the clerk of Wayne County Court to cause this person's name to be placed upon the ballots as such nominee.