Chiles (Charles) H. "Dick" STANLEY,
Appellant,

v.

William G. GOFF et al., Appellees.

D. M. "Doc" HUTCHINSON, Appellant,

v.

William G. GOFF et al., Appellees.

Court of Appeals of Kentucky.

May 8, 1959.

Marshall Davidson and Joe Hobson, Prestonsburg, for appellant.

Combs & Combs and W. W. Burchett, Prestonsburg, for appellee.

CLAY, Commissioner.

This is a consolidated election contest case involving candidates for membership of the city council of Martin, a fourth class city. Six places were to be filled on the city council, and appellants are two defeated candidates. Appellees are four elected members of the council who ran on an opposing ticket. The trial court dismissed appellants' complaints.

While ordinarily the council should determine a contest of its members, the circuit court has jurisdiction, as here, when the uncontested membership is less than a quorum. Davis v. Pendleton, 252 Ky. 838, 68 S.W.2d 416.

In this election appellants belonged to the "Beehive" group; appellees ran on the "Open Book" ticket. Most of appellants' complaints seem to center around the actions of one J. D. Adams, who acted as an election officer. There were certain irregularities about his appointment and qualifications, but he served in good faith as a de facto officer, and the irregularities were not of sufficient significance to invalidate the election. Lunsford v. Culton, 23 S.W. 946; 15 Ky.Law Rep. 504; Smith v. Combs, 310 Ky. 755, 221 S.W.2d 672.

Appellants contend the election was not free and equal. This argument is based on the ground that 20 ballots found in the ballot box in Precinct No. 41 were not signed on the back by one of the election officers, as required by KRS 118.280. 18 of these had been voted for appellants. The contention is that these voters were disfranchised because Mr. Adams, who was partisan to the other ticket, did not sign these ballots. There are two obvious answers to this contention.

In the first place, there is no showing these ballots constituted proper votes.

The ballots might well have been "stuffed" in the ballot box, which seems to be exactly what the requirement of signing by an election officer was designed to safeguard against. Secondly, KRS 118.280 requires the voter to examine the ballot to see if it has been properly signed. If the voter neglected to vote a valid ballot, we cannot say under these circumstances that he was disfranchised by the election officer. There is simply no evidence in the case that any voter was deprived of his right to vote, and the authorities cited by appellants with respect to free and equal elections have no applicability.

It is next contended that the secrecy of the ballot was not maintained because persons were premitted to congregate within less than 50 feet of the polling place in two of the precincts in violation of KRS 118.330(1, 3). Apparently this statute was violated. However, there is no showing that to any substantial degree it interfered with the secrecy of the voting or in any respect intimidated any voter. Nor is there any proof that this condition in any way affected the outcome of the election, and consequently it did not invalidate it. Adams v. Wakefield, 301 Ky. 35, 190 S.W.2d 701.

Finally, appellants contend that Mr. Adams, and another supporter of the opposing ticket, had entered into some sort of conspiracy to deprive appellants of votes, and there was such fraud as to invalidate the election.

Elections should not be lightly set aside. Burchell v. Smith, Ky., 262 S.W.2d 365. There is no evidence in this record of a conspiracy or any fraud or any acts which unlawfully deprived a single voter of the right to cast a vote for the candidate of his choice. There is no showing that appellees directly or indirectly participated in any activities or conduct which would authorize a court to deprive them of the office to

which they were elected. The findings and conclusions of the trial court are fully supported by the record.

The judgments are affirmed.