**Lawrence HALE, Appellant,**

v.

**Dan GOBLE, Appellee.**

Court of Appeals of Kentucky.

Nov. 17, 1961.

Rehearing Denied May 1, 1962.

Scott Collins, Prestonsburg, for appellant.

Tackett & Tackett, Prestonsburg, for appellee.

WILLIAMS, Judge.

Lawrence Hale and Dan Goble were Democratic candidates for nomination for the office of jailer of Floyd County at the May 23, 1961 primary election. Excluding the votes cast by absentee ballot, Hale received a majority of 82 over Goble, but, including the absentee ballots, Goble received a majority of two over Hale. Goble was certified as the winner by the Floyd County Board of Election Commissioners and was issued a certificate of nomination as the Democratic nominee. Hale filed this contest suit in the Floyd Circuit Court which adjudged Goble to be the duly nominated candidate of the Democratic party for the office of jailer. From that judgment an appeal has been prosecuted to this Court.

The various issues which arose in circuit court have been narrowed on this appeal to a determination of whether the Floyd County Board of Election Commissioners substantially complied with the absentee voting law.

The polls closed at 5:00 p. m. on Tuesday. No attempt was made by the Board to count the absentee ballots on that day. The Board met the next morn  ;, on Wednesday, but did not proceed to a count at that time, and early that afternoon an order was entered by the Floyd Circuit Court restrain-

ing the Board from counting any of the absentee ballots. On Friday the restraining order was dissolved and the Board was ordered to proceed with the count of the absentee ballots on the next afternoon at 1:00 p. m. The Board met pursuant to that order at 1:00 p. m. on Saturday, opened the ballot box in which the 407 absentee ballots had been kept, and opened the outer envelopes. No further action was taken on that day and the counting was adjourned until Monday. On Monday the Board met again, opened the ballot box, removed the inner envelopes from the box and classified them according to whether they were notarized in the county, out of the county, or out of the state. The names of the absentee voters were called out and a total of 111 votes were challenged. The reason for each challenge was heard by the Board. The Board members decided to count all of the ballots, regardless of whether they were challenged or unchallenged. The inner envlopes were then opened, the ballots taken out and signed, the secondary stubs were removed and the ballots replaced in the ballot box. The box was shaken in order to distribute the ballots which were all taken out again and classified according to magisterial districts. They were then counted and tabulated by magisterial districts. Challengers for the candidates were present at each of the meetings of the Board. Demand was made by various challengers for permission to inspect the envelopes and the affidavits, but inspection was denied by the Board. One Board member announced that each challenge would be referred to a special grand jury and that each challenger would be recognized ·to appear before the special grand jury (under what authority that action was taken we have not been apprised).

■ We are reminded that it is the policy of the law to sustain elections where the proof is doubtful and to uphold the validity of an election if it can reasonably be done. Drennon v. Roberts, 234 Ky. 574, 28 S.W. 2d 735; Hendrickson v. Coign, 304 Ky. 383,

200 S.W.2d 905; Gross v. West, Ky., 283 S.W.2d 358. Our attention is especially called to the recent case of Jarboe v. Smith, Ky., 350 S.W.2d 490. In that case the Board of Election Commissioners had commenced the count of the absentee ballots in the absence of the contesting candidates. As soon as the presence of each was determined, however, he was admitted to the room where the counting was taking place. This Court noted that there was no attempt to show that any of the ballots counted were not authentic, that no one was excluded from the counting place after his right to be there had been established, that the officials in charge were not guilty of fraud or deliberate wrongdoing, and concluded that there was not such a noncompliance with the law as to invalidate the votes which were otherwise valid.

The facts in that case differ considerably from the facts in this case. There the Board substantially complied with the law. Here there was virtually no compliance with the law. The Board is specifically directed to meet at 6:00 p. m. on election day and count the absentee ballots. KRS 118.370(3). This it did not do. It is provided by KRS 126.270 that the envelopes shall be removed one at a time from the ballot box. As each envelope is removed it shall be examined and, if found satisfactory, opened, and the inner envelope removed and examined. If the inner envelope is found to be satisfactory the clerk shall read aloud the name of the absent voter and challenge may be made at that time. If the vote is not rejected on challenge the clerk shall open the inner envelope, remove the ballot and write his name on the back. A member of the Board shall then write his name on the back, detach the secondary stub and place the ballot in a regular ballot box. That procedure was not followed. Rather all of the outer envelopes were removed from the ballot box and opened, the inner envelopes were taken out, classified and placed in various stacks. Then they were all opened, the ballots taken out and signed. The

secondary stubs were removed and the ballots were replaced in the ballot box. After having been shaken up, they were all removed again, classified by magisterial district and counted.

 This Court is always reluctant to disfranchise voters due to irregularities on the part of officers charged with the duty of conducting the election. It is pointed out in Stabile v. Osborne, 309 Ky. 427, 217 S.W.2d 980, that, "while the regulations and procedure prescribed in the absentee voting law should be followed by the officers, a substantial compliance is sufficient if the proper ends are reached." But, where the measures resorted to involve the almost total disregard of all the requisites of a particular statute, we cannot dismiss such irregularities as minor or technical in character. Ragan v. Burnett, Ky., 306 S.W.2d 281. To say the least, the absentee voting law is difficult to administer. However, it confers a privilege and not an absolute right, and failure of election officials to carry out the provisions of the law may result in disfranchisement of voters taking advantage of it. Referring to KRS 126.270, in Pickard v. Jones, Ky., 243 S.W.2d 46, 49, it was said: "The prescribed procedure is not merely for counting absentee ballots and tabulating the returns. It is part of the process of casting and receiving the ballots. That is the only time and place in which it is done."

Here there has been virtually a total noncompliance with the procedure prescribed for counting absentee ballots, tabulating returns and considering challenges concerning the absentee voters. We are left with no alternative but to declare that all of the voters who cast the absentee ballots in the race for Democratic nomination for jailer of Floyd County are disfranchised. Warren v. Rayburn, Ky., 267 S.W.2d 720.

Of necessity an appeal could not be taken to this Court until shortly before the regular election day and, under difficult conditions, was ably practiced by the attorneys for each of the parties. The case was decided and an order entered before the election and time was taken for the preparation of this opinion.

Judgment reversed.