**Goldia KIRK, Appellant,**

v.

**Betty HARMON, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1977.

J. K. Wells, Wells, Porter & Schmitt, Paintsville, for appellant.

John W. Kirk, John Kirk Law Offices, Inez, for appellee.

Before MARTIN, C. J., and COOPER and HOWARD, JJ.

HOWARD, Judge.

This is an appeal from the Martin Circuit Court which dismissed the complaint of plaintiff-appellant, Goldia Kirk, wherein she demanded that she be adjudged to be elected to the office of school board member, or in the alternative, that the election between her and defendant-appellee, Betty Harmon, be declared unfair and therefore set aside.

Plaintiff-appellant, Goldia Kirk (hereinafter referred to as Kirk) and defendant-appellee, Betty Harmon (hereinafter referred to as Harmon), were opposing candidates for election to the Board of Education of Martin County, District Four, in the general election held November 2, 1976. Harmon was declared the winner on the basis of a machine tabulation of 268 votes for Harmon and 264 votes for Kirk.

Four persons testified that they went to the polls on election day but were refused the right to vote because their names were not included on the list of voters for that precinct. These persons had been erroneously registered in another precinct because of clerical errors in the registration process. All four persons could have voted in the precinct in which they wanted to, had they visited the County Clerk's Office on the date of the election and requested and received authorization from the election commission which was impanelled and present that date for the purpose of handling such occurrences. All four persons testified that they would have voted for Kirk.

Kirk argues that because these voters were denied the right to vote, Section 6 of the Kentucky Constitution, which provides that all elections be "free and equal", was violated and therefore the election should be void.

The right to a recount or the right to contest an election and the procedure to be followed is purely statutory. *Wilhoit v.* *Liles*, 300 Ky. 564, 139 S.W.2d 851 (1945). KRS 120.065 provides that:

> . . . If it appears from an inspection of the whole record that there has been such fraud, intimidation, bribery or violence in the conduct of the election that neither contestant nor contestee can be adjudged to have been fairly nominated, the court may adjudge that there has been no election, in which event the nomination shall be deemed vacant.

In *Harrison v. Stroud*, 129 Ky. 193, 110 S.W. 828 (1908), an election was voided based on the fact that approximately 20% of the voters were allowed to vote openly instead of by secret ballot as required by the Constitution of Kentucky. The court used strong language when it stated, at page 830, that ". . . transgressions of the election law which practically disfranchise enough votes offering to vote" render an election void. In *Wells v. Wallace*, Ky., 337 S.W.2d 18 (1959), the court found that no showing of intentional fraud, intimidation, bribery or violence was made, but voided an election based on the authority of *Harrison v. Stroud, supra*.

Kirk does not allege any fraud, intimidation, bribery or violence in the conduct of the election but rather alleges that because these four persons were not allowed to vote, the election should be set aside. In the instant case, however, these persons could have voted had they obtained authorization and certification from the election commission at the County Clerk's Office. There were no transgressions amounting to disfranchising any persons, but rather clerical errors in the registration process which the voter, had he wished to, could have corrected and thereafter cast his vote.

There is no evidence in the record that a single person was unlawfully deprived of the right to cast a vote for the candidate of his choice. There is no evidence which would authorize this court to deprive Harmon of the office to which she was elected. *Stanley v. Goff*, Ky., 324 S.W.2d 124 (1959). The judgment of the trial court is affirmed.

All concur.